ROYAL GUILE

*vs.*

DENNIS McNANNY.

An affidavit which states as the ground for an attachment, that the defendant "has assigned, secreted, or disposed of, or is about to assign, secrete or dispose of his property with intent to delay or defraud his creditors," is bad, as alleging two grounds of attachment in the alternative.

An application was made to a court commissioner for Dodge county, for a writ of attachment against the property of the defendant, which was granted, and the writ issued. A motion was made by the defendant, to the district court for said county, to vacate the attachment, which

was granted; and from the order granting such motion, plaintiff appeals to this court. The only point raised is as to the sufficiency of the affidavit, and is fully stated in the opinion of the court.

G. B. Cooley for Appellant.

A. J. Edgerton for Respondent.

*By the Court*—McMillan, J.—This is an appeal from an order setting aside an attachment against the property of the defendant. The affidavit upon which the attachment was allowed states as the ground of the attachment, " that the said defendant has assigned, secreted or disposed of, or is about to assign, secrete or dispose of his property with intent to delay or defraud his creditors."

The statute provides that an attachment may be allowed whenever the plaintiff, his agent or attorney shall make affidavit  *  *  *  that the defendant  *  *  * " has assigned, secreted or disposed of, or is about to assign, secrete or dispose of his property with intent to delay or defraud his creditors." *Sess. L.* 1867, *p.* 110, *Ch.* 76. The affidavit in stating the ground of the attachment, it will be perceived, uses the language of the statute just quoted.

The only question is whether the affidavit states several distinct grounds of attachment in the alternative or not. We think it does. The intention of the statute was to protect creditors against the fraudulent conduct of their debtors, but in doing so it was also intended to protect innocent debtors against oppression and injury by specifying the acts of the debtor, which if done with a fraudulent intention, should be sufficient cause for an attachment in favor of the

creditor, and requiring an affidavit of the commission of such acts, or some one or more of them, by the debtor with such fraudulent intent. In the specification made in the statute of the acts which shall authorize the allowance of the writ, they are connected by the disjunctive conjunctive, "*or.*" So far, then, as the acts specified are distinct and different in their nature, they must be regarded as separate grounds of attachment, but, so far as the terms used are descriptive only of different phases of the same fact, they may be considered as prescribing but one substantive ground of attachment. *Drake on Attachments, Secs.* 101–2. The language used in the statute is, " has assigned, secreted or disposed of, or is about to assign, secrete or dispose of," &c.

The word " *assigned* " here means the transfer of the legal title to the property, and perhaps any conveyance of any interest therein ; " *secreted* " means hidden in fact, and " disposed of " signifies any actual removal or disposition in fact of the property, other than those before mentioned.

It is true, the creditor may be able in some cases to state positively the existence of one or more of these facts ; and when it can be done it would be sufficient, but it is frequently otherwise. If a fraud is intended, it will be perpetrated in the way most likely to avoid detection. A change of possession must always accompany the sale of personal property, and there may be an actual change or removal of the property from the possession of the debtor to a third person, with all the *indicia* of ownership in such third person, without the actual transfer of the legal title, and for the benefit of the debtor. So the property may be removed from one locality to another, and beyond the observation or knowledge of the creditor, and yet neither be secreted nor assigned. In order, therefore, to prevent successful frauds by dishonest

Guile v. McManny.

debtors, as well as to avoid the doubts which would very frequently meet the conscientious creditor in the recovery of his debt, and impair, to a great extent, the efficiency of this remedy if he were compelled to state positively the existence of a single one of the acts specified, or of each one relied upon, we think the intention of the statute was to prescribe, as the ground of attachment, the fraudulent disposition of his property by a debtor, and that the terms, "assigned, secreted or disposed of," are but descriptive of the different modes of performing the act. But there is an essential distinction between having done an act, and being about to do it. The debtor, charged with fraud, has a right to know, with reasonable certainty, upon what ground the creditor relies in making the charge. If there has been an actual disposition of the property of the debtor, by removal or change of its possession or by secreting it, that is a tangible fact which the creditor must know; and if there has been no such actual disposition, that must be alike palpable and known to him, and if not done, but intended to be done, he must have a knowledge of sufficient facts to enable him so to state in his affidavit, although the precise mode of the intended disposition is not required, but the creditor may state in his affidavit that the defendant is about to assign, secrete or dispose of his property with intent to delay or defraud his creditors. The affidavit, therefore, states two separate grounds of attachment in the alternative, and for that reason is bad. *Stacy & Thomas vs. Stichton*, 9 *Iowa*, 400.

Order affirmed.