### SAMUEL M. ADAMS v. LOYAL C. KELLOGG.

*Trover—Affidavit for attachment—Bond—Evidence.*

1. Plaintiff purchased certain property, and placed it in the hands of his vendor's father (who had formerly owned the property), as his agent, for the purpose of disposing of the same, and while in his custody defendant attached it as the property of such alleged agent, claiming the sales to plaintiff's vendor and to plaintiff

fraudulent as to creditors; whereupon plaintiff brought trover for the value of the property.

*Held*, that it was competent, on cross-examination of the plaintiff, to show the *pecuniary* situation of the father, the defendant in attachment, whose embarrassed circumstances might or might not be a material circumstance in the case as bearing upon the alleged fraudulent sale.

2. An affidavit in attachment in justice's court, in which the affiant swears that she is the agent of the plaintiff, naming him, sufficiently avers such agency.

3. The failure of a plaintiff in attachment in justice's court to execute the statutory bond with his sureties, he being named in the commencement as principal, is not jurisdictional, and if the bond is defective a new one can be filed.

4. On the trial of a suit against a sheriff to recover the value of attached property, the plaintiff claiming as vendee under the attachment debtor, testimony as to statements made by such debtor, and his action, in regard to the property at or about the time of its seizure, is competent and relevant to the issue.[1]

Error to Calhoun. (Hooker, J.) Argued June 8, 1886,. Decided October 14, 1886.

Trover. Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*Miner & Stace* (*M. L. Koon*, of counsel), for appellant:

Wholly irrelevant matter cannot be drawn out on cross-examination: *North v. Metz*, 57 Mich. 616.

It was necessary for the defendant to show, not only a fraudulent sale, but that he acted under a valid writ, and executed it legally: *Fairbanks v. Bennett*, 52 Mich. 61; and attachment proceedings being special and statutory, the provisions of the statute must be strictly pursued: *Buckley v. Lowry*, 2 Mich. 420; *Roelofson v. Hatch*, 3 Id. 278; *Mathews v. Densmore*, 43 Id. 461; *Van Norman v. Circuit Judge*, 45 Id. 204; *Fairbanks v. Bennett*, 52 Id. 61.

An affidavit is necessary to give jurisdiction to issue the writ: *Greenvault v. F. & M. Bank*, 2 Doug. 498; *Hale v. Chandler*, 3 Mich. 531; *Wells v. Parker*, 26 Id. 102; *Mathews v. Densmore*, 43 Id. 461.

An affidavit not purporting to be made on behalf of the

---

[1] See *Angell v. Pickard*, 61 Mich. 563 (head-notes 3–5).

plaintiff is void: *Wiley v. Aullman,* 53 Wis. 560; *Miller v. Chicago, M. & St. P. Ry. Co.,* 58 Id. 310.

The authority of the agent, where made by one, must appear on the face of the affidavit: *Wallace v. Byrne,* 17 La. Ann. 8; *Wetmore v. Daffin,* 5 Id. 496; *Willis v. Lyman,* 22 Texas, 268; *Anderson v. Sutton,* 2 Duv. (Ky.) 480; *Manley v. Headley,* 10 Kan. 88.

After the institution of a suit against the sheriff an affidavit defective in not stating jurisdictional facts cannot be amended: *Pool v. Webster,* 3 Metc. (Ky.) 278; *Fairbanks v. Bennett,* 52 Mich. 61.

The execution of a bond is also a prerequisite to the issuing of the writ in justice's court: How. Stat. § 6838; *Homan v. Brinckerhoff,* 1 Denio, 184.

And it must be executed by the plaintiff in the attachment suit, or by some one duly authorized: *Jones v. Anderson,* 7 Leigh (Va.), 308; *Mantz v. Hendley,* 2 Hen. & Munf. (Va.) 308; *Myers v. Lewis,* 1 McMull. (S. C.) 54; *Ford v. Hurd,* 12 Miss. 683.

The bond in this case was intended to be signed by the plaintiff, and, in the absence of such signature, was a nullity: *Hall v. Parker,* 37 Mich. 590; *Johnston v. Kimball,* 39 Id. 187; *Wood v. Washburn,* 2 Pick. 24; *Bean v. Parker,* 17 Mass. 591; *Adams v. Bean,* 12 Id. 139; *Cutter v. Whittemore,* 10 Id. 442; *Lovett v. Adams,* 3 Wend. 380.

The statements of a person in possession of attached property are not evidence against the plaintiff: *Ellis v. Howard,* 17 Vt. 330; *Holbrook v. Holbrook,* 113 Mass. 76; *Horrigan v. Wright,* 4 Allen, 514; *Bridge v. Eggleston,* 14 Mass. 250; *Aldrich v. Earle,* 13 Gray, 578; *American Nat. Bank v. Bushey,* 45 Mich. 135; *Linn v. Gilman,* 46 Id. 628; *Turner v. Belden,* 9 Mo. 797; *Dennison v. Benner,* 41 Me. 332; *Kittles v. Kittles,* 4 Rich. (S. C.) 422.

The doctrine that the statements of a person not the owner, made concerning property in his possession, are admissible in evidence as part of the *res gestæ,* cannot be extended to the case of a creditor of the person making the statements who is seeking to build up a title in such person for the purpose of attaching the property: *Fairlie v. Hastings,* 10 Ves. 123; *Byers v. Fowler,* 14 Ark. 86; *Peck v. Ritchey,* 66 Mo. 114; *Hannay v. Stewart,* 6 Watts, 487; Wharton, Agency, § 158.

Such statements and acts of a non-owner in possession, whether as agent or otherwise, cannot be given in evidence against the owner, except where clearly part of the *res*

*gestæ : Paige v. O'Neal,* 12 Cal. 483; *Visher v. Webster,* 13 Id. 58; *Jones v. Morse,* 36 Id. 205; *James v. Kerby,* 29 Ga. 684; *Mobley v. Barnes,* 26 Ala. 718; *Weaver v. Yeatmans,* 15 Id. 539; *Clinton v. Estes,* 20 Ark. 216.

' *L. B. Tompkins (John C. Patterson,* of counsel), for defendant:

It was not necessary for the affiant to state that it was made for and in behalf of the plaintiff: *Nicolls v. Lawrence,* 30 Mich. 395–397; *Stringer v. Dean,* 61 Id. 196.

If timely objection had been made the bond could have been amended: How. Stat. §§ 7770, 7771; and if defective the justice was not deprived of jurisdiction: *McClintock v. Laing,* 19 Mich. 305; *Torrent v. Muskegon Booming Co.,* 21 Id. 159; *Hills v. Moore,* 40 Id. 210; *Bryant v. Hendee,* Id. 543; *Kidd v. Dougherty,* 59 Id. 240.

Plaintiff traces his title through Hubert B. to George N. Hallock, and a privity of estate exists between them which made George N. Hallock's statements and admissions part of the *res gestæ: Baldwin v. Buckland,* 11 Mich. 389; *Flanigan v. Lampman,* 12 Id. 58; *Frankel v. Coots,* 41 Id. 75–77; 1 Greenleaf, Ev. §§ 189–191; *Jackson v. Bard,* 4 Johns. 230; *Adams v. Davidson,* 10 N. Y. 309.

Plaintiff's omission to call George N. Hallock, to controvert or explain the (alleged) fraud strengthens the inference of fraud, and tends to estop him from raising the questions involved: *Adams v. Davidson,* 10 N. Y. 309–313; 1 Stark. Ev. 34, 487.

SHERWOOD, J.  This is an action of trover, brought to recover the value of certain machinery and tools of the property of the plaintiff, taken by the defendant, as sheriff of Calhoun county, under a writ of attachment from justice's court in favor of one Theodore D. Creque and against George N. Hallock.

The plaintiff's claim is that in April, 1883, he purchased a saw-mill, with its machinery and tools, including those in question, at Livonia, in the state of New York, for a full and valuable consideration, from one Hubert B. Hallock, who is a son of George N. Hallock; that in August of the same year he employed George, as his agent, to remove the

machinery and tools from Livonia to Homer, in this State, and sell them for him; that George did this, and at the same time brought with him a resawing-machine of his own, and, as soon as he got to Homer with the property, commenced his efforts to sell the same, and had actually sold his resawing-machine and a part of the other machinery, and was endeavoring to sell the remainder (it being the machinery in question), when the same was seized by the defendant, while it was thus in custody of George for the purposes of sale.

The defendant claimed that the machinery was, at the time of the seizure, the property of George N. Hallock, and that plaintiff's title was fraudulent as to *his* creditors; that the title was placed in Hubert for the purpose of defrauding the creditors of George.

Upon these two theories the cause was tried by jury, before Judge Hooker, at the Calhoun circuit, and the defendant had judgment.

The case is now before us on error.

It was objected at the trial to showing the pecuniary responsibility of G. N. Hallock, and upon cross-examination of plaintiff the objection was overruled. No error was committed in this. The embarrassed circumstances of George might or might not be a material circumstance in the case, when he was charged with fraud.

We see no difficulty in the pleadings in the case on the part of the defendant. They contain the substance of the general issue, and a good notice, and that is sufficient.

The objection that the person purporting to be the agent of plaintiff, in making the affidavit for the writ of attachment, does not make sufficient averment of that fact, is untenable. She says that "she is the agent of Theodore D. Creque," and this is sufficient. *Nicolls v. Lawrence,* 30 Mich. 395; *Wetherwax v. Paine,* 2 Id. 555; *Stringer v. Dean,* 61 Id. 196.

There is nothing jurisdictional in the question raised upon the bond. If the bond was defective a new one could have been filed, and this objection must fail.[1] *Kidd v. Dougherty,* 59 Mich. 240; *Hills v. Moore,* 40 Id. 210; *Bryant v. Hendee,* Id. 543; *McClintock v. Laing,* 19 Id. 305; *Torrent v. Muskegon Booming Co.,* 21 Id. 159.

The testimony of witness Wells as to what he had heard George N. Hallock say, and what he knew him to do, in regard to the property at or about the time the sheriff levied upon it, we think was competent and relevant to the issue, and the court committed no error in receiving it, or in refusing to strike it out.

The question was raised, and strongly contested, that Hubert Hallock never owned the property in question. This, of course, involved transactions between those parties in the state of New York, and how the property was treated there by each of them. It also involved an investigation of all those facts and circumstances which would tend to show whether or not George N. Hallock was acting as owner or as agent of the property, and this, of course, involved all the circumstances raising probabilities, and the testimony disclosing them was properly admitted. This disposes of all the assignments of error relating to that subject. *Cuyler v. McCartney,* 33 Barb. 165; *Adams v. Davidson,* 10 N. Y. 309; *Frankel v. Coots,* 41 Mich. 75; *Baldwin v. Buckland,* 11 Id. 389; *Flanigan v. Lampman,* 12 Id. 58.

On a review of all the assignments of error based upon the rulings of the circuit judge in receiving and rejecting testimony, we have found none needing further consideration.

The charge of the court is full and carefully considered.

---

[1] The objection to the bond was that it was not executed by the plaintiff in attachment, who was named therein as principal, nor by any one in his behalf. The bond purports to be made by Theodore D. Creque as *principal,* but is only signed by the two *sureties.*

Substantially, the most of the plaintiff's requests were given, and none were rejected necessary to aid the jury or that the circumstances of the case called for, and the judgment must be affirmed.

The other Justices concurred.