GEORGE W. GREAVES vs. HORACE G. NEWPORT, impleaded, etc.

July 15, 1889.

**Attachment Bond—Amount Recoverable.**—The obligors upon a statutory attachment bond are liable to the defendant upon the bond for all costs which may be awarded to him in the action, and not merely for such as may result from the attachment.

Action on an attachment bond, brought in the district court for Hennepin county, and tried by *Hicks*, J., upon whose decision a judgment of $111.23 was entered for plaintiff, from which the defendant Newport, one of the sureties, appeals.

*Gilger & Harrison*, for appellant.

*Edward Savage*, for respondent.

DICKINSON, J. Upon this appeal the question is presented whether the obligors in an attachment bond, executed in accordance with the terms of section 148, c. 66, Gen. St. 1878, are liable upon their bond for the general taxable costs awarded to the defendant in the action in which the attachment is issued. That statute, as amended in 1885, c. 125, by the insertion of the clause which we will include in brackets, required, before the issuing of a writ of attachment, that a

bond be executed, "conditioned that if the defendant recovers judgment [or if the writ shall be set aside or vacated,] the plaintiff will pay all costs that may be awarded to the defendant and all damages that he may sustain by reason of the attachment, not exceeding the penalty of the bond. * * *" The bond upon which this action is brought was in accordance with this requirement of the statute in word and punctuation, except that it did not contain the clause above included in brackets. That omission is not important in this case. Reasons may be suggested which might well have induced the legislature to limit the liability upon such bonds, as respects costs, to such as might result from the issuing of the attachment. Upon the other hand, it cannot be said that the legislature did not consider it expedient that security should be given for the defendant's general costs in the action, if the plaintiff is to seize the defendant's property upon mesne process, before even a cause of action has been established. But such considerations are of little value in the construction of this statute. It was wholly within the power of the legislature to impose such conditions as it might deem best. The meaning of this law is so clearly expressed that it cannot be construed so as to limit the obligation to such costs merely as may result from the attachment. Upon the recovery by the defendant in an action he is entitled by statute to certain costs, for which he may have judgment. There can be no doubt, when read in the light of this fact, of the meaning of that provision of the statute in question, that, "if the defendant recovers judgment, the plaintiff will pay all costs that may be awarded to the defendant and all damages which he may sustain by reason of the attachment." These defendants were liable for all the taxable costs awarded to the defendant in the action in which the attachment was issued. *Lee* v. *Homer*, 37 Hun, 634; *Bing Gee* v. *Ah Jim*, 7 Sawy. 117, (7 Fed. Rep. 811.)

Judgment affirmed.