(60 N. W. Rep. 401.)

---

## J. P. BIRCHALL *vs.* ALEXANDER GRIGGS.

Opinion filed October 24th, 1894.

**Affidavit for Attachment in Alternative—Void.**

> In an action commenced by attachment, and where there was no personal service of summons, and where the affidavit for attachment stated, as the only ground therefor, "that the defendant is not a resident of the State of North Dakota, or has departed therefrom," *held*, that the court acquired no jurisdiction.

Appeal from District Court, Cass County; *McConnell*, J.

Action in attachment by J. P. Birchall against Alexander Griggs, in which there was a judgment for plaintiff by default. From an order denying defendant's motion to set aside the judgment and all proceedings thereunder, and dismiss the action, defendant appeals.

N. D. R.—20

Reversed.

*Bangs & Fisk*, for appellant.

The affidavit for attachment does not specify any statutory ground therefore. *McDonald* v. *Keiferdorf*, 18 N. Y. Supp. 763; *Hewitt* v. *Terry*, 23 N. W. Rep. 326. The affidavit for publication of summons was fatally defective in that it does not show that any diligence was used to ascertain the residence or address of the defendant. *Jewett* v. *Jewett*, 2 N. Y. Supp. 250; *Cook* v. *Farnam*, 21 How. Pr. 286. The statute must be strictly complied with. *Road Island, etc. Co.* v. *Kenney*, 1 N. D. 311; *Cotton* v. *Rubert*, 27 N. W. Rep. 520.

*Fred B. Morrill*, for respondent.

If the words of the affidavit are in substantial compliance with the terms of, or necessarily and properly imply the case provided for by the statute, it will be sufficient. *Van Kirk* v. *Wilds*, 11 Barb. 520; *Curtis* v. *Settle*, 7 Mo. 452; *Wiltse* v. *Stearns*, 13 Ia. 282; *Graham* v. *Ruff*, 8 Ala. 171; *Runyan* v. *Morgan*, 7 Hump. 210. The code is to be construed liberally to enable parties to obtain their rights and not as a means of defeating them. *Reed v. Bagley*, 38 N. W. Rep. 830; *Hawes* v. *Boyd*, 25 N. W. Rep. 21; *Auerbach* v. *Hitchcock*, 9 N. W. Rep. 79; *Mayor* v. *Genet*, 4 Hun. 487; *In Re* Thompson, 1 Wend. 44. The affidavit for publication of summons was sufficient. *Grebe* v. *Jones*, 18 N. W. Rep. 81; *Fouts* v. *Maine*, 18 N. W. Rep. 64; *McCormack* v. *Paddock*, 30 N. W. Rep. 602; *Pittiford* v. *Zoellner*, 8 N. W. Rep. 57. Defendants motion is a general appearance in that it asks for an order dismissing the action. *Crowell* v. *Gallaway*, 3 Neb. 220; *Haywood* v. *Thomas*, 22 N. W. Rep. 460; *St. Louis Car Co.* v. *Stillwater Street Ry. Co.*, 54 N. W. Rep. 1064; *Freeman* v. *Burke*, 20 N. W. Rep. 207; *Libby* v. *McIntosh*, 14 N. W. Rep. 354; *Reiney* v. *Burlington*, 45 N. W. Rep. 899; *Newlove* v. *Woodward*, 4 N. W. Rep. 237.

BARTHOLOMEW, C. J. This is an appeal from an order refusing to vacate a judgment and dismiss an action. Respondent sued

appellant in the Cass County District Court, and obtained jurisdiction in *rem*, if at all, through the provisional writ of attachment and publication of summons. There was no service outside the state, nor was any copy of the summons and complaint ever mailed to appellant. Judgment was entered for want of an answer. Afterwards, appellant appeared specially, and moved to set aside the judgment and all proceedings thereunder, and dismiss the action for want of jurisdiction. One of the grounds for said motion was that the attachment affidavit failed to allege any ground for attachment. From the order denying this motion, the appeal was taken.

Among other grounds that need not be stated, our statute allows an attachment upon an affidavit stating that the defendant is not a resident of the state, or has departed therefrom, with intent to defraud his creditors or to avoid the service of a summons. Comp. Laws, § 4995. The ground for attachment stated in the affidavit in this case is as follows: "That the defendant is not a resident of the State of North Dakota, or has departed therefrom." That this affidavit is insufficient to confer jurisdiction is clear upon plain principles of law. The remedy by attachment is purely statutory. It is harsh, arbitrary, and condemns without hearing. It cannot be used except upon substantial compliance with every requirement of the statute. In 1 Am. and Eng. Enc. Law, p. 901, it is said: "The affidavit is the foundation of the jurisdiction of the court. It must be a sworn statement of such facts as the law requires as a condition precedent to the issue of the writ. Its entire omission or the omission of any essential fact will render all the proceedings *coram non judice.*" And see the authorities there cited. The allegations of the affidavit must be specific and clear. It is elementary that different grounds for attachment cannot be alleged in the alternative, because in that case affiant swears neither to one ground nor to the other. Wade, Attachm. § 56. But the affidavit in this case is much worse. It states that the defendant is a nonresident of the state, Had it contained nothing more, it would have been good;

but the affiant, probably not being willing to swear that defendant was a nonresident of the state, added, "or has departed therefrom." But this latter fact is in itself entirely innocent. It gives a creditor no right to seize the defendant's property unless the affidavit also shows that such departure was with intent to defraud creditors or avoid the service of summons. Clearly, the affidavit states no ground for attachment, and conferred no jurisdiction.

It is urged, however, that since the motion asked that the judgment be set aside, and all proceedings thereunder annulled and the case dismissed, the appearance was in fact general, although stated to be special. The motion asked only what must necessarily follow without asking, in case the court never acquired jurisdiction. The appearance was special. The order appealed from is reversed, and the District Court directed to enter an order setting aside such judgment, annulling all proceedings thereunder, and dismissing the case.

Reversed. All concur.