### W. R. DUXBURY v. O. K. DAHLE.

December 20, 1899.

Nos. 11,810—(157).

**Attachment against Nonresident—Affidavit.**

The affidavit required by G. S. 1894, § 5289, is a jurisdictional prerequisite to the issuance of a valid writ of attachment against the property of a nonresident; and if none be filed, or one be filed which wholly fails to set out some fact required by law to be stated therein, no writ can lawfully issue.

**Same—Collateral Attack.**

If a writ of attachment be issued upon such a defective affidavit, and the defendant does not appear in the action, the writ and all subsequent proceedings, including the publication of the summons, entry of judgment, and issuance of execution, and sale thereunder, are null and void, and may be assailed collaterally.

**Affidavit—Ground of Claim.**

An affidavit for attachment which wholly fails to state the grounds of plaintiff's claim against defendant is fatally defective, and confers no jurisdiction to allow the writ.

Action of ejectment in the district court for Houston county. The case was tried before Kingsley, J., who found in favor of plain-

tiff; and from a judgment entered pursuant to the findings, defendant appealed. Reversed.

*James O'Brien*, for appellant.

*Duxbury & Duxbury*, for respondent.

BROWN, J.

This is an action in ejectment to recover the possession of 80 acres of land situated in Houston county. One John B. Koetting was the former owner of the land, and both parties claimed title through him,—the plaintiff, under and pursuant to certain attachment proceedings; and the defendant, through various mesne conveyances. The plaintiff's asserted title, if valid, is superior to defendant's. So the question with respect to the validity of the attachment proceedings under which plaintiff so claims title is the only one which requires consideration. As we find such proceedings fatally defective, no other question need be considered. The plaintiff had judgment in the district court, and defendant appealed.

Said Koetting was the owner of said land on February 2, 1894. On that day one John Barth, receiver, commenced an action against said Koetting in the district court of Houston county to recover upon a judgment theretofore rendered in his favor and against Koetting in the circuit court of Milwaukee county, Wisconsin, for the sum of $111,449.74. Koetting was not a resident of this state, and, to obtain jurisdiction in said action so commenced in said district court of Houston county, said Barth caused to be filed with the clerk of said district court an affidavit for a writ of attachment against his property, setting forth therein such nonresidence of Koetting. Upon such affidavit, together with a proper bond, a writ of attachment was allowed by the court commissioner and issued by the clerk, under and pursuant to which the land in controversy was levied upon and attached. The summons in the action was served by publication, and on May 12, 1894, judgment was rendered and entered on default in favor of said Barth and against said Koetting for the sum of $115,669.16. Execution was issued upon this judgment, the land levied upon and sold, and at the sale struck off to one Samuel Kuster for $800.

The plaintiff has succeeded to Kuster's title.

The complaint in this action sets out plaintiff's title in extenso. The commencement of the action in the district court of Houston county, the affidavit for attachment, bond, entry of judgment, issue of execution, and sale thereunder, and all other facts leading to plaintiff's title, are fully set out. The answer puts in issue about all the allegations of the complaint, and calls in question the validity of the attachment proceedings.

It is contended by defendant that the attachment proceedings were null and void for the reason that the affidavit for the writ was defective and insufficient, and conferred no jurisdiction on the court to issue or allow the writ. The affidavit is set out in the complaint, and the portion objected to is as follows:

"That a cause of action exists against the defendant and in favor of said plaintiff therein, and the amount of said plaintiff's claim therein is ——— sum of one hundred and eleven thousand four hundred and forty-nine and $^{74}/_{100}$ dollars, and the ground thereof is as follows: that is to say, that the defendant is not a resident of this state."

There is no other or further statement in the affidavit with reference to the ground of plaintiff's cause of action or claim. G. S. 1894, § 5289, provides, among other things, that a writ of attachment

"Shall be allowed whenever the plaintiff, his agent or attorney, shall make affidavit that a cause of action exists against the defendant, specifying the amount of the claim and the ground thereof."

It is issued upon the order of the judge of the district court or court commissioner, in whom no discretion is vested. No investigation is to be made as to the truth of the facts set out in the affidavit. If an affidavit in the form of the statute be filed, the writ must issue. The proceeding by attachment against the property of nonresidents is purely statutory. Jurisdiction in such cases extends to the property attached, and no further. It is in derogation of the common law, and the statutory requirements must be substantially, if not strictly, pursued and complied with. If there be a fatal defect in any jurisdictional prerequisite, the proceedings are

invalid, even though a writ valid on its face may have been issued, and a levy made thereunder. The general rule is that the affidavit is the foundation of the writ; and if none be filed, or one be filed which wholly fails to set out some fact required by law to be stated therein, there is no jurisdiction, and the proceedings are null and void.

There is no question but that the affidavit set out in the complaint, and which was the basis of the writ in question, is defective, in not stating the ground of plaintiff's claim. There is no attempt at a compliance with the statutes in that respect. It is the understanding of the bar of this state, so far as our knowledge extends, that a defect of this character is fatal to the jurisdiction of the court to allow the writ; and, if a writ be allowed and issued upon such an affidavit, the same and all subsequent proceedings thereunder are null and void. This is the doctrine and rule laid down by text writers generally, and is in accord with the great weight of authority. Waples, Attachm. (2d Ed.) § 157; 1 Shinn, Attachm. § 127; Drake, Attachm. (7th Ed.) § 87, et seq.; Van Fleet, Coll. Attack, § 263; 3 Am. & Eng. Enc. Pl. & Pr. 4, and cases cited. We hold, in line with these authorities, that the affidavit required by our statutes as a prerequisite to the issuance of a writ of attachment is jurisdictional; and if none be filed, or one be filed which wholly fails to set out some fact made essential by the statute, such as shown in this case, no writ can lawfully issue. We are not unmindful of the fact that the property seized under the writ and brought into court is what the court finally exercises jurisdiction over, but we cannot subscribe to the proposition that the steps pointed out by statutes to obtain such writ from the court are inconsequential, and in no sense jurisdictional.

The defect in the affidavit cannot be cured by amendment. Although amendments are permitted and allowed in most of the states as to informal errors and omissions, defects in matters of substance cannot be thus cured, except where provided for by statutes. This necessarily follows from the fact that the affidavit is jurisdictional. 1 Am. & Eng. Enc. Pl. & Pr. 680; 1 Shinn, Attachm. § 152.

The defect in the affidavit appears from the record, and is set out

in the complaint. It thus affirmatively appears upon the face of the complaint that the proceedings under which plaintiff claims title to the land are void for want of jurisdiction, and such proceedings may be attacked collaterally. Drake, Attachm. § 876, et seq., and cases cited.

The case of Morrison v. Lovejoy, 6 Minn. 117 (183), is cited to the proposition that the affidavit is not jurisdictional. That case is not in point. Under the statutes in force when that case was decided, it was necessary that it be made to appear by affidavit that a cause of action existed against defendant; and the court there held that, inasmuch as the allowance of the writ involved a determination that such cause of action existed, it was a judicial act. But the statute on which that decision was based has since been changed, and no such determination by the officer allowing the writ is now necessary. The writ must issue, under existing statutes, upon the filing of the proper affidavit. The difference between the two statutes is pointed out in Braley v. Byrnes, 20 Minn. 389 (435).

Counsel also cite, as sustaining plaintiff's position, Cooper v. Reynolds, 10 Wall. 308; Matthews v. Densmore, 109 U. S. 216, 3 Sup. Ct. 126, and Voorhees v. Jackson, 10 Pet. 449. We have here under consideration, not a question whether a particular proceeding in court is due process of law, within the meaning of the federal constitution, nor to what extent an officer will be protected in serving a writ of attachment fair on its face, but issued on a fatally defective affidavit, but what is the proper construction to be given our statutes. If it can be said that the cases so cited are in conflict with our views on this question, we are not controlled by them. If a question should arise in the supreme court of the United States as to the law of this state on the subject in hand, that court will follow the decision of this court. Waples, Attachm. § 630.

It is also urged that because this court in Blake v. Sherman, 12 Minn. 305 (420), held that an attachment bond was subject to amendment and correction, on the same principle the affidavit should be held amendable, and consequently not jurisdictional. The contention is not sound. The statutes require a particular

form of affidavit to be filed, but do not require any particular bond to be given. On the other hand, the bond is left in the hands of the officer allowing the writ. Such officer must, on allowing the writ, "require a bond on the part of the plaintiff, with sufficient sureties." Section 5290. If such officer erroneously decides that a defective bond is sufficient, such erroneous decision does not go to the jurisdiction to allow the writ. The error may be cured by filing a sufficient bond nunc pro tunc. See, on this subject, Schweigel v. L. A. Shakman Co., supra, page 142. Our conclusion is that the learned court below should have granted defendant's motion for judgment on the pleadings, and the judgment appealed from is reversed, with directions to do so.

Judgment reversed.