(March 10, 1919.)

GEORGE HEATON, as Trustee, Appellant, v. P/ HANDLE SMELTING COMPANY, LIMITED Corporation, and HARRY J. SCHMIDT, as Recᵤi Respondents.

[179 Pac. 510.]

ATTACHMENT—AFFIDAVIT—AMENDMENT.

1. An affidavit alleging two or more grounds of attachment. iᵛ the alternative, is insufficient and a writ issued thereon is properlʸ discharged.

2. The nonresidence of a defendant, as a ground for attachment, must be stated positively.

3. The affidavit for attachment cannot be amended.

APPEAL from the District Court of the Eighth Judicial District, for Kootenai County. Hon. R. N. Dunn, Judge.

A motion to discharge an attachment was granted. *Affirmed.*

F. T. Post, John P. Gray and W. F. McNaughton, for Appellant.

While an affidavit for attachment may be defective if it states two or more grounds for attachment disjunctively, if the disjunctive is used in the affidavit to include or connect two or more phases of the same ground or fact, it is not a defect in the affidavit. (*Societe Fonciere etc. v. Milliken*, 135 U. S. 304, 10 Sup. Ct. 823, 34 L. ed. 208, see also, Rose's U. S. Notes; *Tessier v. Englehart (Lockwood)*, 18 Neb. 167, 24 N. W. 734; *Coleman v. Teddlie*, 106 La. 192, 30 So. 99; *Helton v. McLeod*, 93 Miss. 516, 46 So. 534; Shinn on Attachment and Garnishment, sec. 145; *Winner v. Kuehn*, 97 Wis. 394, 72 N. W. 227; *Klenk v. Schwalm*, 19 Wis. 111, 124 (star p. 111); *Emerson v. Detroit Steel & Spring Co.*, 100 Mich. 127, 58 N. W. 659; *Morrison v. Fake*, 1 Pinn. (Wis.) 133; *Johnson v. Emery*, 31 Utah, 126, 11 Ann. Cas. 23, 86 Pac. 869; 3 Ency. Pl. & Pr. p. 24.)

Unless some injustice is being done the defendant in an attachment proceeding, such liberality in construction of the proceedings, pleadings and papers therein should be adopted as to bring about the objects of the proceeding and to promote justice. (*Knutsen v. Phillips,* 16 Ida. 267, 101 Pac. 596.)

This court refused to dissolve a writ of attachment upon grounds more serious in *Finney v. Moore,* 9 Ida. 284, 74 Pac. 866. (See, also, *O'Conor v. Roark,* 108 Cal. 173, 41 Pac. 465.)

It is the rule generally that an affidavit for an attachment may be amended. (*Hamburger v. Halperm,* 28 Cal. App. 317, 152 Pac. 61; *Kerns v. McAulay,* 8 Ida. 558, 69 Pac. 539; *Tilton v. Cofield,* 93 U. S. 163, 23 L. ed. 858, see, also, Rose's U. S. Notes; *Shaffer v. Sundwall,* 33 Iowa, 579; *Reister v. Land,* 14 Okl. 34, 76 Pac. 156; *Josephi v. Mady Clothing Co.,* 13 Mont. 195, 33 Pac. 1; *Helton v. McLeod etc.,* 93 Miss. 516, 46 So. 534; *Kahn v. Hollander,* 140 App. Div. 492, 125 N. Y. Supp. 333; *Wells, Fargo & Co. v. Danford,* 28 Kan. 487; *Archibald v. Thompson,* 2 Colo. 388; 6 Corpus Juris, 183; *Emerson v. Thatcher,* 6 Kan. App. 325, 51 Pac. 50; *Wilson v. Barbour,* 21 Mont. 176, 53 Pac. 315; *Lee v. Smyser,* 96 Ky. 369, 29 S. W. 27; *Peiffer v. Wheeler,* 76 Hun, 280, 27 N. Y. Supp. 771.)

A reference to sec. 4199, R. C., which relates to verification of pleadings, shows in the footnote that the Code of Civil Procedure in California is the same as the Idaho code in this respect. The same point was made against a verification in an answer in *Christopher v. Condogeorge,* 128 Cal. 581, 61 Pac. 174, that respondents are now making to the verification in the complaint in this case. The court there says: "In the body of the answer, no fact is stated on information and belief, and therefore the verification is a positive affirmance of the truth of the allegations of the answer."

J. F. Ailshie, for Respondents.

Where a defendant in attachment proceedings moves to discharge under sec. 4321, R. C., on the ground that the writ was improperly or irregularly issued, and the motion is made on

the plaintiff's own papers, the plaintiff cannot make any counter showing whatever. (*Meyer v. First National Bank of Coeur d'Alene*, 10 Ida. 175, 77 Pac. 334; *Thayer v. Bellamy*, 9 Ida. 1, 71 Pac. 544.)

The affidavit is written in the alternative and is not a positive statement of any fact required by the statute. Our attachment statute of 1887 was copied literally from the California code. (*Wilke v. Cohn*, 54 Cal. 212; *Merced Bank v. Morton*, 58 Cal. 360; *Harvey v. Foster*, 64 Cal. 296, 30 Pac. 849; *Winters v. Pearson*, 72 Cal. 553, 14 Pac. 304; *O'Connell v. Walker*, 12 Cal. App. 694, 108 Pac. 668; *Hawley v. Delmas*, 4 Cal. 195.)

Plaintiff must strictly observe and pursue the provisions of the statute in making his affidavit. (*Vollmer v. Spencer*, 5 Ida. 557, 51 Pac. 609.)

"While the affidavit may state as many grounds of attachment as the statute allows, it will be defective if it states two or more of them disjunctively." (*Roberts v. Burns*, 48 W. Va. 92, 86 Am. St. 17, 22, 35 S. E. 922; 3 Ency. of Pl. & Pr. 22; *Guile v. McNanny*, 14 Minn. 520, 100 Am. Dec. 244; *Miller v. Munson*, 34 Wis. 579, 17 Am. Rep. 461; *Birchall v. Griggs*, 4 N. D. 305, 50 Am. St. 654, 60 N. W. 842; Drake on Attachments, sec. 101; 2 R. C. L. 833; 6 Corpus Juris, 136; *Eplin v. Blessing*, 73 W. Va. 283, 80 S. E. 458; *Northern Neck State Bank v. Gilbert Packing Co.*, 114 Va. 658, 77 S. E. 451.)

The plaintiff must state in his affidavit the substance of every requirement of the statute in order to entitle him to a writ. (*Knutsen v. Phillips*, 16 Ida. 267, 101 Pac. 596; *Kerns v. McAulay*, 8 Ida. 558, 69 Pac. 539.)

On a motion to discharge a writ of attachment on the ground that it was improperly or irregularly issued, the affidavit on which the writ was issued is not amendable. (*Winters v. Pearson*, 72 Cal. 553, 14 Pac. 304; *Tibbet v. Sue*, 122 Cal. 206, 54 Pac. 741, 742; *Fairbanks, Morse & Co. v. Getchell*, 13 Cal. App. 458, 110 Pac. 331.)

"Where an attachment is sought on the ground of nonresidence, the fact of nonresidence must be stated in the affidavit

in the language of the statute or language substantially equivalent thereto." (6 Corpus Juris, 143.)

The verification to the complaint was insufficient, for the reason that it did not appear from the complaint what allegations were made on knowledge and what on information and belief. (*Hecht v. Friesleben*, 28 S. C. 181, 5 S. E. 475; *Armstrong v. Friesleben*, 28 S. C. 605, 5 S. E. 479; *Burmester v. Moseley*, 33 S. C. 251, 11 S. E. 786; *Riley v. Treanor* (Tex. Civ.), 25 S. W. 1054.)

MORGAN, C. J.—On July 15, 1907, appellant filed his complaint in the district court, against respondent corporation, to which was attached the following verification: "John Marshall, being first duly sworn on oath deposes and says that he is one of the attorneys for the plaintiff in the above-entitled action; that the matters and things set out in the foregoing complaint are within his knowledge as attorney; that the same are true except as to matters and things therein stated upon information and belief and as to those matters and things, he believes it to be true; that this verification is not made by the plaintiff herein for the reason that the plaintiff is absent from the county where resident attorneys for the plaintiff reside. John Marshall as affiant."

None of the allegations is, in the complaint, stated to be made on the knowledge of either the plaintiff or affiant and none is stated to be made on information and belief.

At the time of filing the complaint an affidavit for attachment, in the following form, was filed: "John Marshall being first duly sworn, deposes and says: 1. That he makes this affidavit on behalf of the plaintiff above named, in the above-entitled action. 2. That the defendant above named in the above-entitled action, is indebted to said plaintiff in the amount of fifty thousand, eight hundred and sixty-three and 57/100 ($50,863.57) dollars, over and above all legal setoffs and counterclaims, upon a contract for the direct payment of money. 3. That payment of said amount has not been, and contract is not secured by any mortgage or lien upon real or personal property, or by any pledge of personal property,

or if originally so secured, such security has, without any act of the plaintiff or the person to whom such security was given, become valueless. 4. That this attachment is not sought, and the above action is not prosecuted to hinder, delay or defraud any creditor of the defendant. 5. That said amount of indebtedness for which this action is brought is now due. John Marshall, as affiant.'' A writ of attachment was issued and property of respondent corporation was levied upon.

Two amendments to the complaint; not verified, were subsequently filed, neither of which affect any of the questions here decided. Subsequently respondent filed a motion to dissolve and discharge the attachment on the ground that the writ was improperly and irregularly issued, in that the affidavit for attachment is defective, for the reason, among others, that the statement therein relative to security for the debt is in the alternative and it cannot be determined therefrom whether any has been given or, if given, has become valueless and that, therefore, it does not conform to the statute, nor state or affirm, in that particular, a definite or certain jurisdictional fact.

At the time the motion was submitted to the court, counsel for appellant made an oral request that he be allowed to amend the affidavit for attachment, in the event the court should find the original affidavit insufficient, and to amend the writ. The trial judge denied the application to amend and ordered the attachment dissolved and discharged. This appeal is from that order.

An affidavit alleging two or more distinct grounds of attachment in the alternative is insufficient because it is impossible to determine which ground is relied on to sustain the attachment. (*Hawley v. Delmas*, 4 Cal. 195; *Wilke v. Cohn*, 54 Cal. 212; *Winters v. Pearson*, 72 Cal. 553, 14 Pac. 304; *O'Connell v. Walker*, 12 Cal. App. 694, 108 Pac. 668; *Birchall v. Griggs*, 4 N. D. 305, 50 Am. St. 654, 60 N. W. 842; *Guile v. McNanny*, 14 Minn. 520, 100 Am. Dec. 244; Drake on Attachment, 7th ed., sec. 101a; 2 R. C. L., p. 833, sec. 42; 6 C. J. 136.) The above-quoted affidavit is insufficient to procure the issuance of a writ of attachment, in a case wherein

the defendant is a resident of Idaho, because it is impossible to ascertain therefrom whether security for the debt has been given, or if given has, without any act of the plaintiff, or the person to whom it was given, become valueless.   (C. L., sec. 4303; *Vollmer v. Spencer,* 5 Ida. 557, 51 Pac. 609.)

It is urged by appellant that the complaint in this action is verified and may be considered in connection with the affidavit and any defect or omission in the latter is cured thereby; that the complaint shows the defendant therein named to be a foreign corporation, and therefore a nonresident within the meaning of the attachment law; that therefore it is immaterial whether or not appellant had security for the debt, and that the statement in the affidavit regarding the security may be disregarded.

If it were conceded that our statute permits a verified complaint, which sets forth all the facts necessary to entitle a plaintiff to a writ of attachment, to be used in aid of, or in lieu of an affidavit for attachment, and that, in such case, no separate affidavit is required, or that such a complaint may be referred to for the purpose of supplying defects or omissions in the affidavit (which questions it is not necessary to decide herein), it would not aid appellant.

It is manifest that affiant did not, by the verification, intend to swear that all matters stated in the complaint were true of his own knowledge and it is not possible to ascertain from the complaint and verification which matters in the former are stated on information and belief and which are not, nor whether the nonresidence of the defendant is a fact he swore to of his own knowledge.   The nonresidence of a defendant must be stated positively and a writ of attachment based on an affidavit which does not so state it is improperly and irregularly issued.   (*Gilbert v. Burke,* 11 Ohio C. C., N. S., 282; *Dyer v. Flint,* 21 Ill. 80, 74 Am. Dec. 73.)

Appellant urges that the district judge ought to have granted the request for permission to amend the affidavit, and cites C. L., sec. 4229, which grants to courts general power to permit amendment of any pleading or proceeding. By C. L., sec. 4321, it is provided that the defendant may at

any time apply on motion, after reasonable notice to the plaintiff, to have the writ of attachment discharged on the ground that it was improperly or irregularly issued. Sec. 4322 provides that if the motion is made upon affidavits on the part of the defendant, *but not otherwise,* the plaintiff may oppose the same by affidavits or other evidence, in addition to those on which the attachment was made, and sec. 4323 reads: "If upon such application it satisfactorily appears that the writ of attachment was improperly or irregularly issued it must be discharged." These latter sections are specific and are expressly directed to the subject of attachments. They limit and control the general provisions of sec. 4229. (*Tibbet v. Sue,* 122 Cal. 206, 54 Pac. 741.) "On motion to discharge a writ of attachment, on the ground that it was improperly or irregularly issued, the affidavit on which the writ was issued is not amendable." (*Winters v. Pearson, supra; Duxbury v. Dahle,* 78 Minn. 427, 79 Am. St. 408, 81 N. W. 198.)

Appellant filed his affidavit in opposition to the motion to discharge the attachment which was, on motion of respondent, ordered stricken from the files. The application not having been made on affidavits, the district judge was prohibited by sec. 4322, *supra,* from considering appellant's affidavit.

The writ having been improperly and irregularly issued, it was not error to deny appellant's request to amend it.

The order appealed from is affirmed. Costs are awarded to respondents.

Rice, J., concurs.

Budge, J., did not sit at the hearing or take part in the decision of this case.