CHARLES MIX COUNTY BANK, Respondent, v. CALTA et al, Appellants.

(189 N. W. 527.)

(File No. 5090.   Opinion filed August 5, 1922.)

1. Foreclosure—Court Foreclosure, Attachment in Aid, Without Court Permission, Whether Violative of Foreclosure Statute.

Issuance of warrant of attachment without permission of court, in aid of a realty foreclosure suit, is permissible since enactment of Laws 1895, Ch. 67, although prior thereto and after enactment of Code of Civil Procedure of 1867-8, attachment could be issued only in an action arising on contract for recovery of money only, or for wrongful conversion of personalty; and the two remedies of foreclosure and attachment are not inconsistent concurrent remedies.

2. Same—Whether Attachment a "Proceeding at Law"—Statute—Purpose of Attachment Remedy.

Issuance of writ of attachment in aid of a realty foreclosure suit does not constitute "proceedings at law," within meaning of Sec. 2899, Code 1919; remedy by attachment not being an independent action or proceeding, but is provisional and ancillary to the main action; neither said remedy nor any of the other provisional remedies are proceedings for the recovery of a debt; the purpose of an attachment being to sequester attachment property to await outcome of main action.

3. Attachment—Bond Insufficient in Amount, Whether Affecting Jurisdiction—Adequate Nunc Pro Tunc Bond Later, Effect.

Where an original attachment bond was insufficient in amount, such insufficiency did not affect jurisdiction of court nor that of clerk of courts to issue warrant; construing Sec. 2434, Code 1919. So held, where, on hearing of motion to dissolve attachment, court, on plaintiff's application granted

leave to file and there was filed nunc pro tunc as of date of issuance of attachment warrant, a sufficient bond; that refusal to dissolve attachment was not error. The relief granted was within judicial power of trial court under Secs. 2377-8, Code 1919.

Smith, and Anderson, JJ., not sitting.

Appeal from Circuit Court, Gregory County. Hon JOHN G. BARTINE, Judge.

Action by Charles Mix County Bank, a corporation, against George W. Calta and another, for foreclosure of a third realty mortgage, in which action an attachment warrant was issued in aid of the suit. From an order refusing to dissolve the attachment, defendants appeal. Affirmed.

*A. B. Beck*, and *Roy E. Willy*, for Appellants.
*Caster & Cassidy*, for Respondent.

(1) To point one of the opinion, Appellants cited: Advance Thresher Co. v. Schminke, 47 Wash. 162, 91 Pac. 645.

Respondent cited: Adams v. Clark (Colo.), 10 Ann. Cas. 774.

(3) To point three, Appellants cited: 3 Standard Encyc. of Procedure, 462; note to Barber v. Swan, 61 Am. Dec. 130.

Respondent cited: Adams v. Kallogg (Mich.), 29 N. W. 679; 4 Wait's Pr. 678; Duxbury v. Dahle (Minn.), 81 N. W. 198.

GATES, P. J. This action was begun to foreclose a third mortgage on real estate securing the payment of a promissory note of $8,000, given by defendants to plaintiff and for a deficiency judgment against defendants. It appears that the value of the mortgaged property does not exceed $9,600, and that the two prior mortgages aggregate the principal sum of $7,000, besides a large amount of accrued interest and taxes.

During the pendency of the action and before trial plaintiff secured a warrant of attachment in this action, and caused defendants' stock of hardware and fixtures to be attached. The defendants moved for a dissolution of the attachment, which the trial court denied. From such order defendants appeal. Two questions are presented.

Section 2899, Rev. Code 1919, reads:

"After such action shall be commenced, while the same is pending, no proceedings at law shall be had for the recovery of

the debt secured by the mortgage, or any part thereof, unless authorized by the court."

[1, 2]    Appellant contends that the issuance of the warrant of attachment without permission of the court violated that section. In support thereof they cite authorities holding that the remedies of foreclosure and attachment are inconsistent concurrent remedies. They formerly were in this jurisdiction. From the time of the adoption of the Code of Civil Procedure by the Seventh Legislative Assembly of Dakota (Laws 1867-68, p. 1) down to the enactment of chapter 67, S. Dak. Laws 1895, an attachment could not be issued in the equitable action of foreclosure; it could only be issued in an action arising on contract for the recovery of money only, or in an action for the wrongful conversion of personal property. Since 1895 an attachment has been permissible in any kind of action; the requisite grounds therefor being present. But appellants insist that the remedy by attachment comes within the clause in said section 2899, viz.:

"No proceedings at law shall be had for the recovery of the debt secured by the mortgage."

In other words, they assert that the remedy by attachment is a proceeding at law for the recovery of the debt. The remedy by attachment is not an independent action or proceeding. It is a provisional remedy; it is a proceeding ancillary to the main action. It is not a proceeding for the recovery of a debt. None of the provisional remedies are proceedings "for the recovery of a debt." Each provisional remedy has its special ancillary function, but the purpose of the remedy by attachment is to sequester the attached property to await the outcome of the main action. It is perfectly clear therefore that attachment is not such a proceeding as comes within the bar of section 2899, supra.

[3]    Appellants' further point is that the undertaking in attachment was insufficient in amount, and therefore there was no jurisdiction in the clerk of courts to issue the warrant. Section 2434, Rev. Code 1919, requires the undertaking to be in a sum at least the amount of the claim. The amount of the claim was $8,710. The undertaking was only in the sum of $2,000. Upon the hearing of the motion to dissolve the attachment, the plaintiff asked leave to file an additional and amended undertaking in the sum of $9,000, which leave was granted, and the same was di-

rected to be, and was, filed nunc pro tunc as of the date of the issuance of the warrant of attachment.

It is urged that attachment proceedings, being strictly statutory and in derogation of the common law, must be strictly construed, and that we should hold that the attachment should have been dissolved because it was void. We cannot so hold. We are of the opinion that the giving of the insufficient undertaking did not go to the matter of jurisdiction of the court. Kissam v. Marshall, 10 Abb. Prac. (N. Y.) 424; Adams v. Kellogg, 63 Mich. 105, 29 N. W. 679; Schweigel v. L. A. Shakman Co., 78 Minn. 142, 80 N. W. 871, 81 N. W. 529; Duxbury v. Dahle, 78 Minn. 427, 81 N. W. 198, 79 Am. St. Rep. 408; Hanna v. Barrett, 39 Kan. 446, 18 Pac. 497.

We are of the opinion that the relief granted was well within the judicial power of the trial court as authorized by Rev. Code 1919, §§ 2377, 2378.

The order denying a dissolution of the attachment is affirmed.

SMITH, and ANDERSON, JJ., not sitting.