ABNER M. INGEBRETSON v. SIDNEY R. MONTAGUE.[1]

November 24, 1939.

No. 32,123.

[1]Reported in 288 N. W. 577.

*Lloyd P. Johnson,* for appellant.

*F. Gordon Wright* and *Jacob Garon,* for respondent.

Holt, Justice.

The files and settled case show that on May 22, 1936, an affidavit for attachment of the property of defendant, a nonresident, was presented to the district court together with a surety bond in the sum of $250. The bond was approved and the writ ordered issued by Judge A. W. Selover. The record fails to show that a writ ever issued. In 1937 the summons with complaint attached issued. January 21, 1939, another affidavit, identical with that of May 22, 1936, except as to date of jurat, with the bond on file, were presented to Judge Vince A. Day, who endorsed his approval of the bond and ordered the writ to issue. It was issued and delivered to the sheriff of Hennepin county for service, together with the summons and complaint. The sheriff's return shows that certain personal property was duly seized and the summons and complaint served on defendant personally January 23, 1939. January 27, 1939, defendant, upon an order to show cause, moved to vacate the writ and levy, upon the affidavit of defendant's wife and "the files, records and proceedings herein." January 30, 1939, the court, Judge Vince A. Day, made and filed an order vacating the writ of attachment, releasing the levy, and directing the sheriff to forthwith deliver the property to defendant. No ground was stated in the motion or order to show cause upon which the relief was asked. Nor did the court indicate any reason or ground for granting the motion. The next day a 30-day stay was filed, and by stipulation of the attorneys this stay was perpetuated until this appeal was taken. In March plaintiff

moved the court to reverse the order of January 30 and reinstate the attachment, tendering a new bond. This motion was denied by order made and filed March 17, 1939. This appeal is from both orders.

In the files and records returned herein is a stipulation entered into March 23, 1939, filed October 18, 1939, under which defendant deposited $200 with the clerk of the district court upon the agreement that in the event plaintiff upon his appeal secures the reversal of either of the above orders said $200 should remain to abide the outcome of the action on the merits of plaintiff's claim against defendant after trial, or other disposition of the case agreeable to the parties; and in the event the orders are affirmed the $200 should forthwith be returned to defendant. Were it not for this stipulation the appeal might be deemed moot, for it is entirely clear from the record that on January 30, 1939, the court ordered the sheriff to release the levy and return the property attached to defendant. In the record made, the attorney for appellant appeared before Judge Day after the hearing on January 30 and requested that the record show:

"That I have asked for a stay on the order vacating the attachment and an order allowing a certain number of days in which to perfect an appeal bond, and that as attorney for Mr. Ingebretson, I requested that pending placing the appeal bond, that the merchandise picked up by the sheriff be kept in status quo under the law. * * *

"The Court: Let the record show that the matter was heard in open court and the order of the court announced, at which time counsel appeared and represented the plaintiff. No request was made for a stay, and no order of stay will be made or any further order without the presence of counsel representing both parties."

The record shows no appearance by both counsel before the court until March 15, on the hearing of plaintiff's motion to reverse the order of January 30. At that time an order reinstating the attachment would have been futile for there was no claim or

showing that any property of defendant was then to be found in the state.

We shall therefore only consider whether the court erred in making and filing the order of January 30, 1939. It must be conceded that no ground for vacating the writ of attachment or for ordering the property attached to be forthwith returned to defendant was given. The affidavit for attachment stated that the action was for the recovery of $1,422.60, for services rendered defendant at his request; that defendant was not a resident of this state, but that he has property within the state of Minnesota. The motion to vacate the attachment was supported by the affidavit of defendant's wife and stated no other ground for relief than that the property seized under the writ was the only property within the state owned by defendant and that all thereof was exempt from seizure as tools and instruments of defendant's profession and occupation. She claimed the property seized was worth less than $50 and that plaintiff's claim was dubious, of more than seven years' standing. Defendant, being a nonresident of the state, was not entitled to the benefit of our exemption laws. 2 Mason Minn. St. 1927, § 9447, subds. 6 to 18, provides that the exemption therein specified "shall extend only to debtors having an actual residence in the state." Wagner v. Farmers Co-op. Exch. Co. 147 Minn. 376, 383, 180 N. W. 231, 234, 14 A. L. R. 279, states: "E. W. Wagner being a nonresident is not entitled to claim his membership as a tool of his trade, even were it granted that a resident might so do."

Although the record indicates no reason or ground for vacating the attachment, it is surmised that it was considered that the bond filed May 22, 1936, was ineffective at the time the affidavit dated January 21, 1939, was presented and the writ requested. That bond was on file when defendant was served with the summons and complaint, and if defendant recovered judgment on the merits that bond was good for the payment of such judgment. Crandall v. Rickley, 25 Minn. 119; Frost v. Jordan, 37 Minn. 544, 36 N. W. 713; Greaves v. Newport, 41 Minn. 240, 42 N. W. 1059. So the

bond approved by Judge Selover was still in force and effect when presented to Judge Day on January 21, 1939, and again approved at the time he endorsed the affidavit of attachment, then filed, directing the clerk to issue the writ. Assuming, however, that there might be some question of the sufficiency of the bond filed in May, 1936, for the issuance of a writ on January 21, 1939, it was a mere irregularity in the procedure and not jurisdictional. It is well settled that a defect in an attachment bond is not fatal. Schweigel v. L. A. Shakman Co. 78 Minn. 142, 80 N. W. 871, 81 N. W. 529; Duxbury v. Dahle, 78 Minn. 427, 81 N. W. 198, 79 A. S. R. 408. In the first mentioned case is this language [78 Minn. 149, 80 N. W. 873]:

"It is generally held that a defect in an attachment bond, or even the total want of such a bond, is not jurisdictional, but the defect may be cured by amendment or by furnishing a new bond."

Here, where Judge Day, concededly relying on the bond filed in the action being a continuing bond, approved it and ordered the writ to issue upon the affidavit then presented (January 21, 1939), he should in all fairness, before vacating the writ and levy, have given plaintiff an opportunity to file another bond *nunc pro tunc.* Especially should that have been done where, as here, the judge knew that the error, if such, was due to his mistaken notion as to the validity of the new affidavit and old bond—it not appearing that a writ issued at all prior to the one of January 21, 1939. The only case found touching this matter is Erwin v. Commercial & Railroad Bank, 12 Rob. (La.) 227. There, however, two attachments were sued out, the first on which the bond was given having been abandoned by the plaintiff before the second was obtained without a new bond. The court reasoned that the surety was already liable on the bond for the first writ issued, the bond had done its office and no longer existed except in relation to damages sustained in the suing out of the first writ, and that the surety, if sued on the bond, might successfully contend that his liability had already attached on his bond and that he could not be rendered liable twice on the same bond; but, the court proceeds [12

Rob. (La.) 230]: "But even if this were doubtful, it is quite clear that the bond was not of sufficient amount," and so on that ground the attachment was voided. It is to be noted that the Louisiana court considers a defective bond is beyond repair, especially in a case where judgment has been entered and its effectiveness is limited to the property lawfully attached. In the instant case there is no indication that any writ issued other than the one under which the property was seized. There had also been jurisdiction obtained of defendant by personal service of the summons. And we think Judge Day clearly erred when vacating the writ and releasing the property attached without giving plaintiff opportunity to file another bond, if the one approved by him was deemed stale, since that defect was readily remedied under our practice without depriving defendant of any legal right.

Reversed.

