L. J. C. DUNCAN, Plaintiff in Error, v. M. THOMAS *et al.*, Defendants in Error.

*Error to Marion.*

1. A re-delivery undertaking, executed in pursuance of section 129 of the statutes, relating to attachments, is discharged by the seizure of the property therein specified, upon attachments in other suits, by the sheriff, to whom the undertaking was executed.
2. Such seizure, within the time allowed for re-delivery, is tantamount to a re-delivery.
3. The undertaking, provided for in sections 146 and 147 of the same statute, operates as an absolute discharge of the property from attachment.

THIS cause, in the court below, was commenced in Jackson County, and removed to Marion County; and was brought upon a written undertaking, executed by the defendants to the plaintiff, as sheriff of Jackson County, for the re-delivery of thirty-four pack mules' and one horse, levied upon by virtue of a writ of attachment against the defendant, Thomas.

The defendants demurred to the reply of the plaintiff; which demurrer was sustained by the court, and judgment for costs entered against the plaintiff, who brings the cause into this court for error.

*Kelly & Reed*, for plaintiff in error.

*Dowell & Wilson*, for defendants in error.

WAIT, C. J. The only matter assigned as error is, that " the court erred in sustaining the demurrer of the defendants to the plaintiff's replication."

The complaint, answer, and reply, as they come before us, show, in substance :

1st. (*Complaint.*) That the plaintiff claimed 1,798 dollars damages for an alleged breach of a ·re-delivery undertaking in attachment.

2d. (*Answer.*) That the· plaintiff, subsequent to the execution of the undertaking sued upon, and before the time therein limited for the re-delivery of the property attached, repossessed himself of and sold said property.

3d. (*Reply.*) That the property came into the plaintiff's possession after the execution of said undertaking, but that the property was levied upon by virtue of three other attachments, and subsequently sold, and the proceeds applied in payment of the judgments rendered in such attachment causes.

The plaintiff's reply having been demurred to, it becomes necessary to pass upon the sufficiency thereof. The reply shows a taking of the property subsequent to the execution of the undertaking sued upon, and before the time therein specified for the re-delivery thereof; but alleges that such taking was upon attachments in other causes. Can a sheriff, having lawfully seized personal property upon.a writ of attachment, and taken a re-delivery bond therefor, lawfully seize upon the same property upon other attachments within the time limited by law for such a re-delivery ? Our statutes authorize two classes of undertakings in attachments. The *first, p.* 105, *Statutes of* 1855, provides, section 129, " the sheriff may deliver any of the property attached to the defendant, or any other ·person claiming it, and in whose possession it was attached, upon his giving a written undertaking therefor, executed by two or more sufficient sureties, en-

gaging to re-deliver it, or pay the value thereof to the sheriff, to whom execution, upon a judgment obtained by the plaintiff in that action, may be issued."

The *second*, *p.* 107, provides, section 146, " whenever the defendant shall have appeared in the action, he may apply, upon reasonable notice to the plaintiff, to the court or judge, for an order to discharge the attachment, upon the execution of the undertaking mentioned in the next section; and if the application be granted, all the proceeds of sales and moneys collected by the sheriff, and all the property attached, remaining in his hands, shall be released from the attachment, and delivered to the defendant."

*Sec.* 147. " Upon such application, the defendant shall deliver to the court or judge an undertaking executed by at least two sureties, approved by the court or judge, that the sureties will, on demand, pay to the plaintiff the amount of the judgment that may be recovered against the defendant in the action. The sureties may be required to justify, on application to the court or judge, and the property attached shall not be released from the attachment without their justification, if it be required."

The undertaking, provided for in sections 146 and 147, operates as a release of the property attached, and the property becomes at once subject to another attachment, or to execution. Does the undertaking sued upon, and provided for by section 129, so operate?

This re-delivery undertaking clearly authorizes a re-delivery of the property attached; and re-delivery timely made would discharge all liability upon the undertaking. A re-delivery would have been timely, by statute, if made upon the issuing of execution upon the judgment in the action; and a re-delivery would have been within the terms of the undertaking sued upon, if made on the first day of the next term of the District Court for Jackson County thereafter. Neither of these times had arrived, when the property was taken by the plaintiff upon other attachments. The plaintiff could not deprive the defendants of the power to re-deliver the property

by a seizure thereof upon the subsequent attachments, and then sue and recover for a failure to make such re-delivery.

The manner in which the plaintiff became possessed of the property was tantamount to a re-delivery thereof by the defendants.

The demurrer was properly sustained, and the judgment of the Circuit Court should be and is affirmed.