## Case No. 3,253.

CORREY et al. v. LAKE et al.

HAIZLETTE v. LAKE.

[Deady, 469.] [1]

Circuit Court, D. Oregon. Nov. Term, 1868.

ATTACHMENT—DISPOSITION OF GOODS WITH
FRAUDULENT INTENT—REDELIVERY.

1. An attachment will lie against the goods of a debtor who is about to dispose of them with intent to delay or defraud the plaintiff in the action without reference to the defendant's conduct or purpose as to his other creditors.

2. Proof of a general intent by the defendant to dispose of his property for the purpose of preventing a particular creditor from collecting his demand, by legal proceedings, is sufficient proof that the defendant is about to do so, whenever such creditor brings an action to recover his debt.

3. Effect of re-delivery of property, taken on attachment, under sections 152 and 157 of the Civil Code (Code Or. 178, 179), to the defendant.

The first entitled action [D. J. Correy and Cunningham Haizlette against B. H. Lake and J. R. Lake] was brought upon a judgment given against the defendants by confession of attorney, in the court of common pleas ·for Hancock county, Ohio, on November 15, 1867, for $1,052.08, with interest and costs. The second one [Cunningham Haizlette against J. R. Lake] was brought upon the promissory note of the defendant, J. R. Lake, made and delivered to the plaintiff therein, on June 22, 1859, in the state of Minnesota, for the sum of $777.57, with interest at ten per centum per annum. Upon October 8, 1868, an attachment was issued in each action, upon which the property of the defendant, J. R. Lake, was attached to answer the demands of the plaintiff therein. Thereafter the marshal delivered the property attached to the defendant upon his undertaking to re-deliver the same or pay the value thereof, in case the plaintiff recovered judgment.

On October 17, J. R. Lake filed motions to dissolve the attachments on the ground: (1) That they were allowed without sufficient cause; and, (2) That the undertakings for the writs were not given in sufficient amounts. The motions to dissolve were heard and submitted together, on November 3, and reserved · for consideration.

Walter W. Thayer, for plaintiff.

J. H. Reed, for defendant, J. R. Lake.

DEADY, District Judge. The affidavit for the writ of attachment in each of these actions was made by Thomas Fitch, the agent of the plaintiffs, who are residents of the state of Ohio. The affidavit states that R. J. Lake "is about to remove his property from the state of Oregon, or assign or dispose of it, with intent to delay or defraud his creditors." On the argument, the objection that the undertakings for the writs were

[1] [Reported by Hon. Matthew P. Deady, District Judge, and here reprinted by permission.]

not given in sufficient amounts was abandoned. In support of the objection that the attachments were allowed without sufficient cause, counsel read the affidavit of defendant, J. R. Lake, and of sundry other persons, who appear to be more or less acquainted with the business and resources of such defendant, in Portland. In reply, counsel for the plaintiffs read the affidavits of Fitch and one Williams. The affidavits of the plaintiffs tended to prove that J. R. Lake, had, in 1866, assigned his property to his Portland creditors, primarily, for the purpose of preventing the collection of these claims, and that if sued upon them, he would again make some disposition of his property to prevent the plaintiffs from making anything on execution, if they obtained judgments against him. The affidavits of the defendant tended to prove that· J. R. Lake, in partnership with one Robinson, his brother-in-law, had, since 1864, been doing quite an extensive business in stoves and tin-ware, at Portland; and, that since 1867 he ·had been engaged with one Goddard, dealing in horses; and that these two firms, ·of which Lake is a member, are in apparently a prosperous condition, and have, in certain instances within the knowledge of affiants, and generally so far as they know, done business in Portland in an honest and business-like manner. The affidavit upon which the attachments were issued, establishes a prima facie case, which is not overcome by the affidavits read by the defendant. A defendant may be in prosperous circumstances, and have dealt fairly by his creditors in Portland, and yet he may intend to dispose of his property, so as to prevent non-resident creditors —these plaintiffs for instance—from collecting their debts. If a defendant intends,. or it appears probable that he intends to dispose of his property, for the purpose of delaying or defrauding the particular creditor who is plaintiff in the action, that is a good cause for an attachment by the latter.. A creditor is delayed or defrauded when his debtor hinders or prevents him from taking his property on execution to satisfy his debt; and an intention. or purpose to so delay or defraud a creditor is equally a cause for attachment. Code Or. 175. So far as appears from the proofs submitted, the defendant J. R. Lake, however honest in his conduct or intentions as to his other creditors, did intend to so dispose of his property if he could, as to prevent the collection of these demands; and this purpose he has deliberately entertained· for years past.

Counsel for the motion make the point, that proof of a general intent on the part of the debtor to prevent the collection of these debts, is not sufficient to support the statement in the affidavit upon which the attachments issued—that the defendant is now about to dispose of his property with intent. etc. But this is a distinction without a difference. That which a person intends

to do generally, it may be properly said he is about to do, ready to do, whenever the particular occasion for so doing occurs. The bringing of these actions was such an occasion in these cases. If a plaintiff, under such circumstances, must wait for an attachment until the defendant is apprised of the commencement of the action, and begins to carry out his general intent, by disposing of his property, he may as well not have it at all. Counsel for plaintiff objects to this motion, that the defendant having received the property attached from the marshal under section 152 of the Civil Code (Code Or. 178), he cannot now move to discharge the attachment, as such receipt and the undertaking therefor to the marshal, were in legal effect an affirmance and discharge thereof. But this view of the matter is not tenable. The delivery under section 152 is optional with the marshal, and cannot be compelled by the defendant. When it takes place, practically, the defendant becomes the bailee of the marshal, who, in contemplation of law, still holds the property under the writ of attachment. Duncan v. Thomas, 1 Or. 314. The transaction takes place between the officer and the defendant, and is permitted for their mutual convenience. By it the attachment is not effected, nor does the defendant admit or affirm its legality. On the other hand, the re-delivery to the defendant which takes place under section 157 of the Civil Code (Code Or. 179), in pursuance of a judicial order on the application of the defendant, does supersede the attachment and discharge it. After obtaining a delivery under this section, the defendant cannot go back and question the legality of the attachment for any cause. The motions to dissolve the attachments, are denied at the costs of the defendant.