CHARLES H. WEAVER *et al.*

*v.*

WILLIAM A. POYER.

1. INJUNCTION BOND—*defense to suit on.* In a suit upon an injunction bond, given upon enjoining the collection of a judgment, it is no defense to show that, after the dissolution of the injunction in respect to which the bond was given, another injunction was obtained against the collection of the same judgment, and that the last injunction is still in force and not dissolved.

2. SAME—*what recoverable in suit on.* Where damages are awarded by the court upon dissolving an injunction, and no appeal is taken therefrom, the amount of such award is recoverable in a suit upon the injunction bond.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Messrs. ELDRIDGE & TOURTELOTTE, for the appellants.

Messrs. BARKER & WAITE, and Mr. WM. HOPKINS, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This is an appeal by Charles H. Weaver and Hiram H. Marsh, from a judgment rendered in the Superior Court of Cook county, in an action of debt upon an injunction bond, brought by William A. Poyer, the obligee therein.

It appears an injunction had been obtained by Weaver, to restrain the collection of a judgment theretofore obtained by Poyer against him, which, on demurrer to the bill, had been

dissolved, and the bill dismissed. On obtaining the injunction, Weaver executed a bond with Marsh as his surety, which is the bond in suit.

The defense to the action was, substantially, that immediately after the dissolution of the injunction and the dismissal of the bill, he, Weaver, applied for and obtained another injunction to restrain the collection of the same judgment, with an averment that the said last named bill for an injunction is still pending and undetermined.

We do not understand it was any part of the object or scope of the last named bill for an injunction, to restrain proceedings on this bond given in the first suit. This is a separate and independent action, having no connection with the injunction pending; and we are at a loss to understand how its pendency can affect this suit. They are separate and distinct. When the first bill was dismissed, a right of action accrued to the obligees in the bond *instanter*, and nothing has occurred to arrest it. The bond obliged the obligors to pay the amount of the judgment enjoined, and costs, interest and damages. We do not perceive that the obligee, the appellee here, has recovered any more.

The special plea alleging the pendency of another injunction to enjoin the collection of the same judgment, was no defense to this action, and the demurrer was properly sustained thereto.

As to the seventy-five dollars damages, it is only necessary to say, they were awarded on the dissolution of the injunction and dismissal of the bill, from which no appeal was taken, and are recoverable in this action on the injunction bond, being embraced in its terms.

The judgment is affirmed, there being no error in the record.

*Judgment affirmed.*