## DRAKE *v.* SWORTS.

### [S. C. 33 Pac. Rep. 563.]

1. LIABILITY OF SURETIES ON ATTACHMENT BONDS—COSTS—CODE, § 146.— The sureties on an undertaking in attachment which complies with the provisions of section 146, Hill's Code, that the sureties shall give an undertaking "to the effect that the plaintiff will pay all costs that may be adjudged to the defendant, and all damages which he may sustain by reason of the attachment, if the same be wrongful and without sufficient cause," are liable to the defendant, in case of judgment in his favor, for all the costs in the action, and not simply for such expenses as may have been incurred on account of the attachment. *Bing Gee* v. *Ah Jim*, 7 Saw. 115 (7 Fed. Rep. 811), approved and followed.

2. PLEADING—DEFECT CURED BY ANSWER.—A complaint in an action on an attachment bond which provided for the payment of all damages sustained by the attachment if the same should prove wrongful and without sufficient cause, should state that the attachment was wrongful or without sufficient cause, but such an omission is cured by answering over. *Olds* v. *Cary*, 13 Or. 362, approved and followed.

3. Discharging Attachment by Re-delivery Bond — Code, § 154.— The execution and delivery by a defendant in an attachment action of a re-delivery bond, conditioned for the return of the property or its value, in case plaintiff shall obtain judgment, as provided for by section 154, Hill's Code, does not dissolve the lien of the attachment ( *Kohn* v. *Hinshaw*, 17 Or. 308, cited and approved), nor is it a waiver of the right of action on the attachment bond. The giving of the bail bond under sections 159 and 160, Hill's Code, will dissolve an attachment ( *Duncan* v. *Thomas*, 1 Or. 314, cited and approved), but such is not the effect of a bond under section 154.*

4. Costs — Liability of Surety on Attachment Bond — Evidence.— The surety on an attachment bond conditioned for the payment of all costs that may be adjudged to the defendant cannot, when sued on the bond, show that some of the items included in the judgment for costs were erroneously included therein, since the undertaking binds him to abide the result of the attachment action without being a party thereto.

Harney County: Morton D. Clifford, Judge.

This is an action brought by H. M. Drake against Sworts & Miller, and against J. C. Wooley and P. F. Steuger, their sureties on an attachment bond given in an action at law brought by Sworts & Miller against the plaintiff herein. The complaint, in substance, alleges that in pursuance of said undertaking, and the affidavit of Sworts & Miller, a writ of attachment was issued in said action upon which thirty-one head of horses, the property of plaintiff, were attached and detained by the sheriff for forty-seven days, and until the plaintiff gave a re-delivery bond, as provided by law; that on a trial of said action before the court and jury the defendant (plaintiff herein) obtained a judgment for the sum of four hundred and nineteen dollars and ten cents as costs and disbursements, which remains unpaid, and for which he demands judgment in this action, upon the undertaking. A demurrer to the complaint was overruled, and judgment for want of an answer was rendered against all the defendants except

---

*Note.— In connection with this discussion see the case of *Bunneman* v. *Wagner*, 16 Or. 433 ( 8 Am. St. Rep. 306; 18 Pac. Rep. 841 ), but it does not appear under what section of the statute the bond in that case was given.— Reporter.

Wooley, who answered admitting all the allegations of the complaint except as to the amount of the judgment for costs, and as to that, it is denied to be for more than one hundred and ten dollars. A trial before the court, without the intervention of a jury, resulted in a judgment in favor of the plaintiff for the amount claimed, from which the defendant Wooley appeals. Affirmed.

*T. Calvin Hyde,* and *Cyrus A. Sweek,* for Appellant.

*Chas. W. Parrish,* for Respondent.

MR. JUSTICE BEAN delivered the opinion of the court:

1. The defendant contends that the obligors in an undertaking for an attachment, under our statute, are not liable for all costs that may be adjudged to the defendant in the action, but only for such expenses as may have been incurred on account of the attachment. On the other hand, the contention for plaintiff is that he is entitled to recover in an action on the undertaking all costs and disbursements adjudged to him in the original action, whether on account of the action itself or the attachment therein. The liability of the obligors is measured by the conditions of the undertaking, and, as the undertaking in this case by its terms complies with the provisions of section 146 of Hill's Code, the decision of the controversy depends upon the construction of that section, which provides that the plaintiff in an action, before procuring an attachment to issue, shall give an undertaking, with one or more sureties, "to the effect that the plaintiff will pay all costs that may be adjudged to the defendant, and all damages which he may sustain by reason of the attachment if the same be wrongful and without sufficient cause, not exceeding the sum specified in the undertaking." Under this statute there are plainly two obligations assumed by the parties to an undertaking for attachment: (1) that the plaintiff will pay all costs, which, of course,

includes disbursements, that may, by the court in which the action is tried, be adjudged to the defendant; and (2) if the attachment is wrongful and without sufficient cause, to pay such damage as the defendant may sustain by reason of the attachment. These are separate and distinct obligations, independent of each other, the latter of which may happen without the former, and even if the plaintiff should prevail in the action. This, it seems to us, is the plain and obvious meaning of the statute, and so clearly expressed that it cannot be construed so as to limit the obligation to the costs incurred in the attachment. We are aware, of course, that this construction makes the undertaking for an attachment a security for costs in case the defendant prevails in the action, but it was wholly within the power of the legislature to impose such conditions if the plaintiff is to seize the defendant's property upon an attachment even before a cause of action has been established, and the court is bound to give the statute effect, according to its language and evident intent. This is the construction placed upon the statute by Mr. Justice DEADY in *Bing Gee* v. *Ah Jim*, 7 Fed. Rep. 811 (7 Saw. 115), in an able and well considered opinion, and is the construction given to similar statutes in other states: *Greaves* v. *Newport*, 41 Minn. 240 (42 N. W. Rep. 1059); *Lee* v. *Homer*, 37 Hun, 634; S. C. affirmed, 109 N. Y. 63 (15 N. E. Rep. 896).

2. It was claimed by the defendant that the complaint in this case is defective because it does not allege that the attachment was wrongful or without sufficient cause. This defect, if any, was cured by answering over: *Olds* v. *Cary*, 13 Or. 362 (10 Pac. Rep. 786).

3. It is also contended that the execution and delivery by plaintiff of the re-delivery bond, as provided in section 154, Hill's Code, operated as a discharge of the attachment and a waiver of the right of action on the undertaking therefor. A distinction is to be observed between the

effect of a bail bond, as provided for in sections 159 and 160, and the re-delivery bond given in this case. The former, being given as security for the payment of such judgment as may be recovered in the action, operates to discharge the attachment, (*Duncan* v. *Thomas*, 1 Or. 314,) and is probably a waiver of the right of action on the undertaking; (*Rachelman* v. *Skinner*, 46 Minn. 196; 48 N. W. Rep. 776); but the undertaking provided for by section 154 of the Code, is not for the payment of the judgment recovered in the action, but is an engagement to redeliver the attached property, or pay the value thereof, to the sheriff to whom execution upon a judgment obtained by the plaintiff in the action may be issued, and authorizes the sheriff to yield the actual possession of the attached property to the defendant or other person claiming it, but does not dissolve the attachment nor withdraw the property from the operation of the lien thereon: *Kohn* v. *Hinshaw*, 17 Or. 308 (20 Pac. Rep. 629). "It differs from a bail bond," says Mr. Drake, "in that it does not discharge the lien of the attachment, since the very object of the bond is to insure the safe keeping and faithful return of the property to the officer, if its return should be required": Drake, Attachments, § 331, and authorities cited. And this is the rule, though the bond be conditioned in the alternative, for the delivery of the property or for the payment of its value: Wade, Attachments, 193; *Gass* v. *Williams*, 46 Ind. 253; *Gray* v. *Perkins*, 12 S. & M. 622. Such being the effect of the re-delivery bond it did not operate as a waiver of the right of action on the undertaking for the attachment.

4.   On the trial the defendant sought to show that certain items going to make up the amount of the judgment for costs and disbursements in the action were erroneously included therein, and the rejection of this evidence is assigned as error. It is argued that such evidence was admissible in behalf of the defendant Wooley, who was

not a party to the action, and hence it is claimed not bound by the judgment. The vice in this argument lies in the fact that his contract binds him to abide the result of that action without being a party to it. His obligation is that "the plaintiff will pay all costs that may be adjudged to the defendant." The action was to be litigated by the plaintiffs, and Wooley undertook that he would abide the judgment of the court so far as costs and disbursements are concerned. It was so litigated, and a judgment rendered in favor of the defendant (plaintiff herein) for four hundred and nineteen dollars and ten cents, as costs and disbursements. From this judgment no appeal has been taken. It stands in full force and effect, and the amount thereof is binding upon the plaintiffs in the action, and is conclusive upon the appellant herein. This judgment not having been paid, the obligation of the defendant was broken, and he is liable on his undertaking for the amount thereof: *Lothrop* v. *Southworth*, 5 Mich. 448; *Weaver* v. *Poyer*, 73 Ill. 489; *McAllister* v. *Clark*, 86 Ill. 236.

It follows that the judgment of the court below must be AFFIRMED.

---

[Decided June 29, 1893; rehearing denied July 24, 1893.]