## BONDS IN INJUNCTION SUITS.

[Common Pleas Court of Franklin County.]

ALFRED MACHOLD V. THE P., C., C. & ST. L. RY. CO. ET AL.

Decided, February 6, 1906.

*Injunction—Temporary Order Granted and Bond Given—Liability of Surety—Where the Action is Dismissed by Consent—Without Prejudice—For Failure to Prosecute.*

The failure of a plaintiff to prosecute an action for an injunction, where a temporary restraining order has been granted and bond given, is a confession by him that he has no case to try, and that his interference with the rights of the defendant by injunction was without warrant, and the surety is liable, whether the action is dismissed at the request of the plaintiff, or because of his neglect to prosecute. *Krug* v. *Bishop*, 44 Ohio State, 221, distinguished.

DILLON, J.

The petition alleges that in a former action in this court, the defendant railway company, in an action against the plaintiff, secured a temporary injunction against him and gave a bond with its co-defendant as security, which bond in accordance with Section 5576, secured to the plaintiff there enjoined, the damages he might sustain "if it be finally decided that the injunction ought not to have been granted." The petition further alleges that about four years subsequently to the filing of the petition in the case the injunction was dismissed for want of prosecution. Damages are asked in the sum of $1,000, alleged to have been incurred by reason of the granting of said temporary injunction.

A demurrer is interposed by the defendants, and the claim is made in support thereof that it has not yet been finally decided that the temporary injunction ought not to have been granted, and that no recovery can be had upon such a bond unless there has been a decision by the court on the merits of the case in which the action was pending. While the statutes and the wording of the required bond are practically the same in all the states, there is some conflict as to just what action of the

274    FRANKLIN COUNTY COMMON PLEAS.

Machold v. P., C , C. & St. L. Ry. Co. et al  [Vol. IV, N. S.

court is necessary in order to warrant the conclusion that it has not been "finally decided" that the injunction ought not to have been granted.

It seems well settled that where the action is subsequently dismissed by any agreement or consent of the parties, whether by compromise or otherwise, no action will lie upon the bond because the court has not in such case by any decision of its own, decided that the injunction ought not to have been granted (*Railway Company* v. *Burke*, 54 O. S., 98). In this last named case, the parties agreed to abide by the decision of the arbitrators after the action had been commenced, and the court applying the rule that the terms of such a bond must be strictly construed, held that the decision contemplated by the plaintiff, was a decision by the court on the merits of the case in which the action was pending; that the parties had bound themselves to stand to and abide the reward, whether right or wrong, of their own deliberate purpose, and therefore no such step such as error or appeal could be permitted, nor such other steps as the law requires in order that the decision may conform to the law. It has likewise been held in the state of New York that where an action is dismissed as a penalty upon the plaintiff for contempt of court, this does not involve the merits of the case, and will not warrant an action upon the bond, the decision of the court in such case being purely punitive and having no reference to the merits of the case, or to the plaintiff's willingness to proceed with the trial of the same (*Apollinaris Co.* v. *Venable*, 136 N. Y., 46). In that case the court says that the dismissal of the action and the consequent dissolution of the injunction was upon a matter having no relation to the merits, either directly or by inference, and it would therefore be contrary to the natural or reasonable interpretation of such action to hold that this dismissal was a determination by the court that the plaintiff, at the time the temporary injunction was issued, was not entitled thereto, and that such a holding would be contrary to the undertaking of the sureties.

The contention of the defendant in this case that there must be an actual decision upon the merits, I do not think is sus-

tained by the reasoning or authorities. A temporary restraining order is granted without a full hearing and often without any hearing at all. The court relies upon the urgency of the situation as represented by the plaintiff. To assure the court and the parties affected, that the plaintiff is right and that no injustice may result by reason of the exercise of this most unusual and potent remedy, the plaintiff gives this bond to answer for any damages which the defendant may suffer, the condition of the bond being that such damages will be paid the defendant in case the court shall finally decide that said injunction ought not to have been granted. The only inquiry remaining is as to whether or not there is such a judgment rendered by the court as amounts to a judicial finding that the injunction ought not to have been granted.

Of course, the final order of the court in such cases is rarely, if ever, made in the exact language above quoted. Indeed, the final order seldom refers to the existence of the preliminary order, but is simply a finding for or against the plaintiff. It is therefore, by virtue and force of natural and logical deduction that the conclusion is reached, that the judicial finding in effect was that the injunction ought not to have been granted.

In the case of *Pugh* v. *White*, 78 Ky., 210, the plaintiff's petition, after injunction obtained, remained in court some five years, when the action was dismissed for failure to prosecute. The court held that the dismissal of the petition was a judicial determination that the injunction ought not to have been granted. The authorities, in discussion of the subject, receive very thorough treatment in this case.

The case of *Mitchell* v. *Sullivan*, 30 Kan., 231, holds directly that where the plaintiff subsequently appears in court and dismisses his action without prejudice to another action, such judgment is equivalent to a final decision by the court that the temporary injunction ought not to have been granted, and that an action lies upon the bond immediately by reason thereof. The argument of the court in that case is most potent. Any other conclusion would lead to the greatest of mischiefs and manifestly be contrary to the plain meaning, object and purposes

276 FRANKLIN COUNTY COMMON PLEAS.

Machold v. P., C., C. & St. L. Ry. Co. et al. [Vol. IV, N. S.

of the bond itself. The suggestion at once occurs, that if a party might by temporary injunction be restrained and held *in statu quo*, during the entire period the case is awaiting trial, to his .great damage and injury, and then the same could be dismissed by the plaintiff on his own motion, what great injustice would be done. The defendant asks no relief; he can not prevent the plaintiff (after the expiration of sufficient time to enable the plaintiff to accomplish his purposes), from voluntarily dismissing his action either with or without prejudice. The defendant in such case would have been put to great trouble, inconvenience, damage and expense, and yet have no remedy. Despite the force of this argument, however, we are met in our own state by the case of *Krug* v. *Bishop*, 44 O. S., 221, in which it was held that, where such an action is dismissed without prejudice, no breach of the condition of the undertaking occurs. The court makes prominent by the use of italics that the action was dismissed without prejudice.

The case at bar may therefore be distinguished from the last named case, by the fact that the action in question here was not so dismissed.

Opposed to this decision in Ohio, is not only the recent arguments set forth in the Kansas case, but directly opposed upon the same state of facts, is the case of *Swan* v. *Timmons*, 81 Ind., 243, and the case of *Weaver* v. *Poyer*, 73 Ill., 489. In the last two named cases, the plaintiff voluntarily dismissed his case without prejudice and a new action was pending in which an injunction had been granted, but the court held that the right to a recovery on the bond accrued instanter upon the dismissal of the first case. The failure of plaintiff, therefore, to prosecute, is in law a confession by him that he has no case to try, and that his action in interfering with the rights of the defendant by injunction was without right, and it matters not whether this dismissal be at the request of the plaintiff or by the neglect of the plaintiff. The law requires and demands that the plaintiff who thus secures a temporary injunction against the defendant, shall, in the absence .of settlement, make good his implied promise to the court that he has a cause of action, and that he

is right in obtaining from the court the powerful remedy in advance of a hearing in which the defendant has not had his day.

The demurrer to the petition will therefore be overruled.

*L. II. Innes*, for plaintiff.

*Henderson, Livesay & Burr*, for defendant.