Submitted on briefs May 6, decided July 13, rehearing denied
September 21, 1909.

## OFFICER v. MORRISON.

[102 Pac. 792.]

INJUNCTION—LIABILITIES ON BONDS—COSTS.

Under Section 418 B. & C. Comp., providing that, before injunction is granted, the plaintiff shall give an undertaking to pay all costs, disbursements and damages, not exceeding an amount therein specified, as defendant

may sustain by reason of the injunction if the same be wrongful, an injunction plaintiff and his surety, on a bond limiting the damages to $100, is liable for the costs and disbursements awarded to defendant when the suit was dismissed on appeal after the injunction had been made perpetual below, although the costs and disbursements exceed the sum of $100, as the limitation to that amount applies simply to the amount of damages.

From Grant: GEORGE E. DAVIS, Judge.

Statement by MR. CHIEF JUSTICE MOORE.

This is an action by Floyd L. Officer against Finlay Morrison and C. G. Guernsey on an injunction bond to recover the costs and disbursements which the plaintiff incurred in defending a suit.

The complaint alleges, in effect, that Morrison commenced a suit against Officer to prevent the latter from interfering with the flow of water from a spring, and, in order to secure a temporary injunction, Morrison as principal and Guernsey as surety gave an undertaking, conditioned "that, in case said injunction shall issue, the said plaintiff will pay all costs and disbursements that may be decreed to the defendant and such damages, not exceeding the amount of $100, as he may sustain by reason of said injunction, if the same be wrongful or without sufficient cause"; that a preliminary injunction was thereupon issued and served upon Officer, whose motion to dissolve the writ was overruled; that issue was joined in the suit, a trial had, and the injunction made perpetual, but upon appeal the decree was reversed and the suit dismissed: *Morrison* v. *Officer,* 48 Or. 569 (87 Pac. 896) ; that a mandate was sent down and Officer was awarded the costs and disbursements which he had incurred in both courts, amounting to $278.60; and that the issuing of the temporary injunction was wrongful and without sufficient cause.

A demurrer to the complaint on the ground that it did not state facts sufficient to constitute a cause of action was sustained, and, the plaintiff declining to amend his primary pleading, the action was dismissed, and he appeals.                    REVERSED.

Submitted on briefs under the proviso of Rule 16 of the Supreme Court: 50 Or. 580 (91 Pac. XII).

For appellant there was a brief over the names of *Messrs. Hicks & Marks.*

For respondent there was a brief over the name of *Mr. V. G. Cozad.*

Opinion by MR. CHIEF JUSTICE MOORE.

The question to be considered is whether the costs and disbursements awarded to Officer when the suit against him was dismissed, can be recovered in an action on the undertaking for an injunction which conformed to the requirement of the statute. The enactment, regulating the granting of a restraining order, is as follows:

"An injunction may be allowed by the court, or judge thereof, at any time after the commencement of the suit and before decree. Before allowing the same, the court or judge shall require of the plaintiff an undertaking, with one or more sureties, to the effect that he will pay all costs and disbursements that may be decreed to the defendant, and such damages, not exceeding an amount therein specified, as he may sustain by reason of the injunction if the same be wrongful or without sufficient cause": Section 418, B. & C. Comp.

In *Drake* v. *Sworts,* 24 Or. 198 (33 Pac. 563), in construing a statute relating to undertakings for attachment, in which the language was almost identical with the foregoing enactment, towit, "That the plaintiff will pay all costs that may be adjudged to the defendant and all damages which he may sustain by reason of the attachment, if the same be wrongful or without sufficient cause, not exceeding the sum specified in the undertaking" (Section 298 B. & C. Comp.), it was held that the sureties were liable to the defendant on an undertaking for an attachment which contained the statutory condition in case a judgment was rendered in favor of such defendant for all the costs in the action, and not simply for such expenses as he may

have incurred on account of the attachment. In deciding that case Mr. Justice BEAN says: "Under this statute there are plainly two obligations assumed by the parties to an undertaking for attachment: (1) That the plaintiff will pay all costs, which, of course, includes disbursements that may by the court in which the action is tried be adjudged to the defendant; and (2) if the attachment is wrongful and without sufficient cause, to pay such damage as the defendant may sustain by reason of the attachment. These are separate and distinct obligations, independent of each other, the latter of which may happen without the former, and even if the plaintiff should prevail in the action. This, it seems to us, is the plain and obvious meaning of the statute, and so clearly expressed that it cannot be construed so as to limit the obligation to the costs incurred in the attachment. We are aware, of course, that this construction makes the undertaking for an attachment a security for costs in case the defendant prevails in the action, but it was wholly within the power of the legislature to impose such conditions if the plaintiff is to seize the defendant's property upon an attachment even before a cause of action has been established, and the court is bound to give the statute effect, according to its language and evident intent." We think the decision rendered in that case is controlling herein. Though the undertaking in the case at bar limits the recovery of damages to the sum of $100, no restriction is placed on the costs and disbursements which may be obtained when an injunction is dissolved.

For the error committed in sustaining the demurrer and dismissing the action, the judgment is reversed and the cause remanded for such further proceedings as may be necessary, not inconsistent with this opinion.

REVERSED.

MR. JUSTICE KING, having been of counsel for one of the parties to the original suit, took no part in the consideration hereof.