47

Argued and submitted September 11, 2002, affirmed April 14, 2004

Roger L. VALENCICH,
dba Neadho Landscaping,
*Respondent,*

*v.*

TMT HOMES OF OREGON, INC.,
an Oregon corporation;
Washington Mutual Bank,
a Washington corporation;
Wilmes Trucking, Inc.,
an Oregon corporation,
dba Wilmes Excavating;
Marquez, Inc.,
an Oregon corporation,
dba Oregon Tile and Marble;
David Neerman,
dba Dave's Tile and Marble;
Rayborn's Plumbing, Inc.,
an Oregon corporation;
Exterior Specialty Systems, Inc.,
an Oregon corporation;
Garner Electric, Inc.,
an Oregon corporation;
and Steve Filipetti,
dba Filipetti's Painting,
*Defendants,*

and

CUMBERLAND CASUALTY &
SURETY COMPANY, INC.,
a Florida corporation,
*Appellant.*

(C981168CV; A113925 (Control))

Roger L. VALENCICH,
dba Neadho Landscaping,
*Respondent,*

*v.*

TMT HOMES OF OREGON, INC.,
an Oregon corporation;
and Rayborn's Plumbing, Inc.,
an Oregon corporation,
*Defendants,*

*and*

FIRST SAVINGS BANK OF WASHINGTON,
a Washington corporation;
Wilmes Trucking, Inc.,
an Oregon corporation,
dba Wilmes Excavating;
Elegant Hardwood Floors, Inc.,
an Oregon corporation;
Exterior Specialty Systems, Inc.,
an Oregon corporation;
Garner Electric, Inc.,
an inactive Oregon corporation;
Steve Filipetti,
dba Filipetti's Painting;
JBC Roofing, LLC; Canby Drywall, Inc.;
Medallion Industries, Inc.;
Don P. Bryant Painting, Inc.;
Cendant Mortgage Corporation;
John K. Sadler; and Julie A. Goldsmith,
*Defendants,*

*and*

CUMBERLAND CASUALTY &
SURETY COMPANY, INC.,
a Florida corporation,
*Appellant.*

(C981167CV; A113927)

Roger L. VALENCICH,
dba Neadho Landscaping,
*Respondent,*

*v.*

TMT HOMES OF OREGON, INC.,
an Oregon corporation;
Harold Gilkey, William Zuppe, and Daniel Byrne,
dba Sterling Savings Association;

Wilmes Trucking, Inc.,
dba Phil Wilmes Excavating,
*Defendants,*

*and*

CUMBERLAND CASUALTY &
SURETY COMPANY, INC.,
a Florida corporation,
*Appellant.*

(D983711CV; A113926)

(Cases Consolidated)

88 P3d 300

Herb Weisser argued the cause and filed the briefs for appellant.

Barry Adamson argued the cause for respondent. With him on the brief were Darin Honn, William Fig, and Sussman Shank, LLP.

Before Landau, Presiding Judge, and Armstrong and Brewer, Judges.

ARMSTRONG, J.

## ARMSTRONG, J.

Cumberland Casualty and Surety Company (Cumberland) appeals from a judgment in favor of Valencich, a landscaper, allowing recovery against surety bonds that were filed in three consolidated lien foreclosure actions. Cumberland argues that, because it was not a party in the foreclosure actions, it was not subject to the entry of a judgment against it in those actions and the trial court accordingly erred in entering judgment against it. We affirm.

The facts are undisputed. TMT Homes of Oregon, Inc. (TMT), is a contractor that developed a subdivision in Beaverton, Oregon. It employed Valencich to landscape three properties in the subdivision. TMT did not pay Valencich for his work. Consequently, Valencich perfected construction liens on the three parcels of property on which he had worked and, within the relevant statutory time period, filed actions to foreclose the liens.[1]

After the actions were filed, TMT obtained "release of lien" bonds from Cumberland pursuant to ORS 87.076[2] for each of the three parcels of property to secure the amounts due on the liens. The bonds were identical except in amount. They provided:

"That we, TMT Homes of Oregon, Inc., as Principal, and Cumberland Casualty & Surety Company, * * * are held and firmly bound unto [Valencich] in the sum of [an amount of] lawful money of the United States of America, to the payment of which, well and truly to paid [sic], we bind ourselves, our heirs, executors and successors, jointly and severally, firmly by these presents.

"THE CONDITION OF THE ABOVE OBLIGATION IS SUCH THAT WHEREAS, Obligee is the claimant under a lien * * * filed in the office of the County Recorder of Washington County * * *.

---

[1] The liens were created and perfected pursuant to ORS 87.010 and ORS 87.035.

[2] Since the inception of this action, ORS 87.076 was amended by Oregon Laws 1999, chapter 845, section 1. That amendment does not bear on our analysis.

"WHEREAS, said Principal disputes the correctness or validity of such claim of lien and desires to execute and record a bond to enable the real property above described to be freed from the effect of said claims and any action to foreclose said liens.

"NOW THEREFORE, the condition of this obligation is such that, if the Principal or owner of said property shall pay any sum which said claimant may recover on said lien claim, together with his costs and attorney fees of suit in the action, if he recovers therein, then this obligation shall be void; otherwise to remain in full force and effect."

The release of lien bonds were duly recorded, and Valencich filed amended complaints seeking to foreclose the liens against the bonds rather than against the parcels of property. The amended complaints continued to list TMT as the defendant; Valencich neither named Cumberland as a party nor served it. The amended complaints identified the bonds, identified Cumberland as the surety on the bonds, asserted that the construction liens had attached to the bonds, and sought payment from the bonds and foreclosure against them. *See* ORS 87.083(2). The trial court eventually entered default judgments against TMT in the foreclosure actions.

Valencich submitted the default judgments to Cumberland for payment. Cumberland refused payment, asserting that the underlying liens appeared to be invalid and that Cumberland, never having been named as a party, had not had an opportunity to contest their validity.

Valencich then filed a motion entitled "ORCP 82 B Motion to Recover Against Surety Bond." At a hearing on the motion, Cumberland argued that, pursuant to ORS 87.060(7), any person not made a party to a construction lien foreclosure action is not bound by the judgment entered in the action.[3] It asserted that, because it was not a party to the

---

[3] ORS 87.060(7) provides:

"All suits to enforce any lien perfected under ORS 87.035 shall have preference on the calendar of the court over every civil suit, except suits to which the state is a party, and shall be tried by the court without unnecessary delay. In such a suit, all persons personally liable, and all lienholders whose claims have been filed for record pursuant to ORS 87.035, shall, and all other persons interested in the matter in controversy, or in the property sought to be charged

action, it was not required to pay on the bonds. Cumberland further asserted that, had it been made a party, it would have been able to contest the validity of the underlying liens, which it believed were likely invalid.

Valencich, relying on ORCP 82 B and ORS 87.083, argued that a surety on a release of lien bond is not an indispensable party in an action to foreclose the underlying lien. Valencich also asserted that, once a foreclosure judgment is entered, the release of lien surety is required to pay the judgment regardless of whether the surety was joined as a party in the foreclosure action.

The trial court noted that Cumberland had issued its bonds knowing that actions to foreclose the liens that they secured were pending and that it nevertheless had not sought to intervene in the actions. The court also noted that the validity of the liens had been upheld and the liens foreclosed. Therefore, pursuant to ORCP 82 B, the court held that Valencich could collect on the bonds without having to obtain a judgment in an action in which Cumberland was a party.

On appeal, Cumberland renews its arguments.[4] Neither party contests that Oregon's Construction Lien Law allows a landowner or other interested person to file a bond to secure payment of a construction lien and to free the affected real property from the lien. *See* ORS 87.076; *see also Tualatin Valley Builders Supply v. TMT Homes*, 179 Or App 575, 578, 41 P3d 429 (2002) (*Tualatin*). Further, both parties agree that if, after obtaining the bond, the person notifies the lien claimant (in this case Valencich) that it has secured a bond, then the lien attaches to the bond. *See* ORS 87.083. Once the lien attaches to the bond, the property is freed from the lien and the claimant can proceed only against the bond. *Tualatin*, 179 Or App at 581. The parties diverge, however,

---

with the lien, may be made parties; *but persons not made parties are not bound by the proceedings.* The proceedings upon the foreclosure of the liens perfected under ORS 87.035 shall, as nearly as possible, conform to the proceedings of a foreclosure of a mortgage lien upon real property." (Emphasis added.)

[4] Cumberland also assigns error to the award of attorney fees and costs to Valencich and the denial of attorney fees and costs to itself. As to both of those issues, we affirm the judgment below without further discussion.

as to how the claimant must proceed in order to obtain payment from the surety on the bond. More specifically, the parties disagree as to whether the surety on a release of lien bond must be made a party in the foreclosure action before it can be required to pay on the bond. Relying primarily on ORS 87.060(7), Cumberland maintains that it had to have been made a party to be liable on the bond.

■ Before turning to ORS 87.060(7), we note that Cumberland's argument runs counter to more than a century of Oregon practice. Cumberland argues that imposing liability on a surety not named as a party would "[ignore] the basic due process concepts of notice and an opportunity to be heard; basic [tenets] of our society that both override and underscore all laws." That argument reflects a fundamental misunderstanding about the purpose of litigation bonds and the nature of the risk that sureties on such undertakings willingly assume. Litigation bonds are intended to contribute to judicial finality by ensuring the payment of adjudicated liabilities. Requiring that sureties on litigation bonds be named as parties and allowing them to relitigate the underlying disputes would be inconsistent with those purposes. That is why litigation bonds are conditioned solely on the entry of a judgment and the failure of the principal to pay it. *See, e.g.*, ORS 87.076(1) (release of lien bonds shall provide for payment of "the amount of the claim and all costs and attorney fees that are awarded"); ORS 19.005(8) (defining "undertaking for costs," in part, as an "undertaking on appeal that secures payment of costs and disbursement that may be awarded against an appellant on appeal"). Consistently with that understanding, the sole condition in Cumberland's bond was that its obligation would be void if TMT paid any judgment awarded to Valencich; the bond was not conditioned on TMT's actual fault.

Oregon courts have long since rejected the approach to surety liability on litigation bonds that Cumberland now advocates. In *Drake v. Sworts*, 24 Or 198, 33 P 563 (1893), a surety on an undertaking for an attachment order argued that, because it was not a party to the underlying action, it could not be bound by the judgment in the action. The court succinctly rejected the contention:

"The vice in this argument lies in the fact that his contract binds him to abide the result of [the] action without being a party to it. * * * The action was to be litigated by the plaintiffs, and [the surety] undertook that he would abide the judgment of the court * * *."

*Id.* at 203.

In taking that view, Oregon endorses the traditional rule followed by a majority of jurisdictions, discussion of which is found in *Suretyship*, 74 Am Jur 2d 115-16, §§ 129, 130 (2001):

"Generally, where the liability of a surety is dependent on the outcome of litigation in which his principal is involved, a judgment against the principal is binding and conclusive on the surety, who may not interpose defenses which should have been set up in the action in which the judgment was recovered. When the obligation of the principal has been determined, the extent of the liability on the bond becomes fixed; the sureties on the bond are not entitled to relitigate, separately, the question of the principal's obligation, at least in the absence of a charge of fraud or collusion.

"* * * * *

"* * * There is no reason why parties should not be allowed to obligate themselves to abide by the result of a suit between others; and if the contract can be fairly construed as imposing such an obligation, there is no hardship in enforcing it.

"A statute failing to provide that the surety is entitled to notice of the suit against the principal does not result in a denial of due process of law to a surety who voluntarily enters into an express contract to pay any judgment rendered against his principal."

(Footnotes omitted.) *See also Mechanics' Liens*, 56 CJS 305 § 268 (1992) (applying the same rules to sureties on bonds tendered to release construction liens).

Keeping those principles in mind, we turn to Cumberland's argument that ORS 87.060(7) prohibits a court from making the surety on a release of lien bond liable on the bond when the surety was not joined as a party in the foreclosure action. We perceive two flaws with that argument.

■      First, we reject Cumberland's reliance on the statement in ORS 87.060(7) that "persons not made parties are not bound by the [foreclosure] proceedings." By making that argument, Cumberland assumes that a surety's liability on a litigation bond is based on the binding effect of the judgment on the surety. That is not the basis of the surety's liability. Liability arises from its own assurances, contained in the bond, that it will pay whatever *the defendant* is adjudged to owe in the event that the defendant fails to do so. In other words, the surety is not bound by the judgment but by its own bond.

The second problem with Cumberland's argument is that it flies in the face of other, express statutory directives. ORS 87.083 provides, in pertinent part:

> "(1)   Any suit to foreclose a lien pursuant to ORS 87.060 which is commenced or pending after the filing of a bond or deposit of money under ORS 87.076 *shall proceed as if no filing or deposit had been made* except that the lien shall attach to the bond or money upon the filing or deposit and the service of notice thereof upon the lien claimant. * * *

> "(2)   When a bond is filed or money is deposited, if, in a suit to enforce the lien for which the filing or deposit is made, the court shall allow the lien, the lien *shall* be satisfied out of the bond or money. The court shall include as part of its judgment an order for the return to the person who deposited the money of any amount remaining after the lien is satisfied."

(Emphasis added.) To add or subtract parties in the midst of a foreclosure proceeding would not be to "proceed as if no filing * * * had been made." It is difficult to reconcile the conjunction of the words "shall proceed as if no filing or deposit had been made" and "the lien shall be satisfied out of the bond" with Cumberland's position that the surety on the bond must be joined as a party before it can be liable on the bond. The statute does not contemplate any joinder of parties as a result of the filing of the bond, but it does contemplate a summary process for payment of the amount secured by the bond.

It is also significant that ORS 87.083 is directed by its terms specifically to those foreclosure actions in which a release of lien bond has been filed, whereas ORS 87.060(7) is directed to the larger class of all cases involving construction liens. In instances in which two statutes can be interpreted to require different procedures, ORS 174.020(2) directs that "a particular intent shall control a general one that is inconsistent with it." Hence, even if ORS 87.060(7) had some bearing on this case, ORS 87.083 would preclude its application to a surety on a release of lien bond, such as Cumberland.

A summary procedure for recovery against a litigation bond, such as appears to be contemplated by ORS 87.083, is outlined in ORCP 82 B, the provision under which Valencich sought recovery in this case. That rule provides:

> "Whenever [rules or statutes] require or permit the giving of security by a party, and security is given in the form of a bond * * * with one or more sureties * * * each surety * * * submits to the jurisdiction of the court and irrevocably appoints the clerk of the court as such surety's or such issuer's agent upon whom any papers affecting the surety's or issuer's liability on the bond * * * may be served. *Any surety's or issuer's liability may be enforced on motion without the necessity of an independent action.* The motion and such notice of the motion as the court prescribes may be served on the clerk of the court, who shall forthwith mail copies to the sureties or issuers if their addresses are known."

(Emphasis added.) Again, that language does not suggest that a surety on a litigation bond must be named as a party in order for it to be liable on its bond; if anything, it suggests the opposite.

We conclude that a surety on a release of lien bond need not be made a party in the action to foreclose the lien against the bond, and that a surety who has not been joined as a party may be held liable for the resulting judgment in accordance with the terms of the bond.[5] We therefore

---

[5] By comparison, *Monmouth Lbr. Co. v. Indemnity Ins. Co.*, 21 NJ 439, 122 A2d 604 (1956), dealt with a contractor's performance bond rather than a litigation bond. The court stated:

"While there is a difference of opinion among the many jurisdictions in this country, the rule in this state is clearly against binding on a judgment so

conclude that the trial court did not err in granting Valencich's ORCP 82 B motion.

Affirmed.

---

> obtained a surety who has merely undertaken to be responsible for the debts or defaults of the principal and who has not been given the opportunity to defend."

Addressing in *dictum* the type of bond at issue here, the court added:

> "It would, of course, be possible for the surety to agree to answer for whatever the results of a suit against a principal might be, and if this is its agreement an unpaid judgment against the principal would be conclusive proof of the liability of the surety—not on any considerations of *res judicata* but purely by the strength of its own agreement freely made."

122 A2d at 608.